E. Ford et al. v. I. M. Cowan et al.

(Case No. 5347.)

1. Evidence.— The rule again announced that when there is no objection made in the court below to the introduction of testimony, none can be made in the supreme court.

2. Community.— A person can qualify as a survivor in community within the time that a valid administration might be opened upon the estate. If a survivor conveys community land after qualifying as survivor in community, it does not affect the validity of the sale that the preliminaries regarding such sale were agreed to prior to his thus qualifying.

Error from Tarrant. Tried below before the Hon. A. J. Hood.

On March 5, 1877, plaintiffs in error brought this suit against defendants in error, I. M. Cowan and A. S. Hayter, to recover the lands described in the petition, claiming the same in the community right of their mother, Margaret Thomas, who died October 18, 1857. (As to Cowan it is not material to refer to his claim, the parties having agreed to the affirmance of the judgment in his favor.) Hayter claimed through a conveyance from William Thomas, acting for himself and as survivor in community of the common property of himself and deceased wife, Margaret Thomas. Claimed that Thomas had duly qualified as such survivor by filing an appraisement and inventory in the county court of Tarrant county, February, 1870. The conveyance to Hayter from Thomas was dated July, 1870

Plaintiffs in error claimed that Thomas' qualification was void by reason of the great lapse of time after the death of his wife. Also that, in fact, the sale was made to Hayter prior to the qualification of Thomas, and therefore this subsequent qualification gives no additional validity to the sale.

October 8, 1879, the cause was tried without a jury, and judgment rendered for Cowan and Hayter.

The material questions presented by the assignment of errors are stated in the opinion.

*A. M. Carter*, for plaintiffs in error, cited: Parks v. Caudle, 58 Tex., 221; Griffin v. Ford, 60 Tex., 503; Conner v. Huff, 48 Tex., 364.

*Hogsett, Booty & Green* and *Hyde Jennings*, for defendants in error, cited: Dawson v. Holt, 44 Tex., 174; Cordier v. Cage, 44 Tex., 535; Jordan v. Imthurn, 51 Tex., 288; Green v. Grissom, 53 Tex., 435.

WATTS, J. COM. APP.— By an instrument in writing signed by the attorneys of plaintiffs in error, and defendant in error, I. M. Cowan, on file in this cause, it has been agreed that the judgment of the court below, as to the latter, shall be in all things affirmed. In accordance with that agreement we respectfully recommend the affirmance of the judgment as to the defendant in error, I. M. Cowan.

There is nothing in the objection to the ruling of the court holding defendant in error, Hayter, a competent witness in the cause. From the statement of facts it appears that the only objection urged against his testifying was that being a party to the suit made him an incompetent witness.

By statute parties to suits are made competent witnesses. R. S., art. 2246.

But it is now claimed that the witness should not have been permitted to testify as to transactions had with Thomas, who was then dead. It is a sufficient reply to this objection to remark that no objection was made to his evidence upon this ground in the court below.

Here it appears that Mrs. Thomas, the mother of plaintiffs in error, and through whose community right they claim, died October 18, 1857, and that William Thomas, their father, qualified as survivor in community, by filing an inventory and appraisement of the common property of himself and deceased wife, February 19, 1870, and which was approved by the county judge March 28, 1870. This inventory and appraisement was in substantial compliance with the statute then in force. But it is claimed that, owing to the great lapse of time between the death of Mrs. Thomas and the filing of the inventory, that the attempted qualification as survivor in community was void, and conferred no right or authority to sell and convey the common property.

Considering the suspension of the statute of limitations by reason of the civil war, it will be seen that Thomas might have then opened a valid administration upon the estate of his deceased wife. And there is no valid objection perceived why he could not qualify as survivor in community within the time that a valid administration might be opened upon the estate.

While it appears from the evidence that the preliminaries had been agreed to between Thomas and Hayter, as to the sale and conveyance of the land to the latter, that he refused to consummate the purchase until Thomas qualified as survivor in community, after which Thomas conveyed the land in controversy to Hayter.

This transaction does not come within the rule announced in Griffin v. West Ford, 60 Tex., 503. There the qualification as survivor in community was subsequent to the sale and conveyance, and it was held that such subsequent qualification would give no additional virtue to the conveyance previously made. But it seems that this qualification was for the purpose of enabling Thomas to make a valid conveyance of the land in controversy to Hayter.

Our conclusion is that there is no error in the judgment, and that it ought to be affirmed.

AFFIRMED.

[Opinion adopted May 5, 1885.]