Wills Point Mercantile Company et al. v. Southern Rock Island Plow Company et al.

Decided December 20, 1902.

1.—Corporations—Receivership—Practice on Appeal.

Where on an appeal from an order refusing to vacate a receivership the point is first urged in the appellate court that the receivership should have been vacated because the receiver was appointed on an ex parte application without notice, it will not be considered because not made below.

2.—Same—Venue—Waiver of Privilege.

Where a corporation contracts to pay an indebtedness in another county than that of its domicile, it may be sued therein and a receiver appointed for it in the district court of such other county, as it is held to have thereby waived the privilege given by the statute to have a suit for the appointment of a receiver for its property brought in the county of its domicile. Rev. Stats., art. 1448.

Appeal from the District Court of Dallas. Tried below before Hon. Thos. F. Nash.

*F. M. Etheridge* and *W. B. Wynne,* for appellants.

*Finley & Knight, Plowman & Baker,* and *McCormick & Spence,* for appellees.

RAINEY, CHIEF JUSTICE.—This is an appeal from an interlocutory order overruling a motion to vacate a receivership. The following statement taken from appellees' brief shows the nature and result of the case:

"This suit was instituted on October 13, 1902, by Southern Rock Island Plow Company, Texas Moline Plow Company, and John Deere Plow Company, as plaintiffs, against the Wills Point Mercantile Company, a corporation; the Eagle Manufacturing Company, a corporation; Swofford Bros. Dry Goods Company, a corporation; First National Bank of Wills Point, a corporation; J. F. Dutton, William Pilley, W. E. Craddock Grocery Company, a corporation, and R. J. Metcalfe. The domicile of the Wills Point Mercantile Company was stated to be in Van Zandt County, and the residence of the other defendants were stated to be in Van Zandt County, except Swofford Bros. Dry Goods Company and Eagle Manufacturing Company, which were alleged to have general agents in Dallas County and State of Texas; W. E. Craddock Grocery Company, which was alleged to be domiciled in Kaufman County, Texas, and R. J. Metcalfe, who is alleged to reside in Dallas County, Texas.

"The objects of the suit and the relief prayed were varied. (1) It was alleged that Wills Point Mercantile Company had entered into an arrangement with certain of its creditors, including plaintiffs, wherein it had undertaken to create a trust fund for the benefit of such creditors, through the medium of the First National Bank of Wills Point, which arrangement had been violated, and plaintiffs prayed the enforcement

of the arrangement against all defendants. (2) That the First National Bank of Wills Point had, as trustee under such arrangement, received a large amount of assets equitably belonging to the creditors of the Wills Point Mercantile Company, and that said bank had violated said trust arrangement and had dissipated said funds, and become liable to plaintiffs to account therefor. (3) That the Wills Point Mercantile Company, in violation of said trust arrangement, had turned over to defendants, Swofford Bros. Dry Goods Company, William Pilley, W. E. Craddock Grocery Company, and J. F. Dutton a large amount of the property which equitably belonged to the beneficiaries under said trust arrangement, and that said defendants had converted said trust property and should account for same. (4) That thereafter an additional trust arrangement was made, under which one R. J. Metcalfe was named as trustee for creditors and was put in entire charge of the assets of the Wills Point Mercantile Company, and that said arrangement had never been carried out, but that said Metcalfe had received only about $1000, which amount, it was alleged, he held in trust for plaintiffs and which should equitably apply to the liquidation pro tanto of the creditors named as beneficiaries under said arrangement, and plaintiffs sought to have such application made. (5) That Wills Point Mercantile Company was indebted to plaintiffs in the suit in divers sums of money particularly set out in the petition and payable in Dallas and secured by mortgages upon certain property in the hands of defendants, and further secured by equitable liens as for confusion of assets against other properties in the hands of said defendants, and it was sought by plaintiffs to have their debts and liens established as against defendants. (6) That the appointment of a receiver was necessary to preserve the property from being entirely dissipated until the rights of the parties could be established by the court, and in addition to the other remedies sought, it was prayed that a receiver be appointed to take charge of the assets described in the petition, as a matter of intermediate relief.

"On October 13, 1902, on the application of the plaintiffs, the court appointed J. C. Rugel to be receiver of all and singular the properties of the said Wills Point Mercantile Company, fixing the amount of his bond at the sum of $5000, which he gave. Thereafter, on October 20, 1902, Wills Point Mercantile Company filed an exception, which, on its face, stated that the sole purpose of the same was to challenge the jurisdiction of the court in which said suit was pending over the property and person of said defendant, which exception was based on the supposed want of jurisdiction of any sort by said court over said defendant, in that it was stated that it appeared from the petition that defendant was a private corporation, duly incorporated by virtue of the laws of the State of Texas, and domiciled at Wills Point, in the county of Van Zandt, and State of Texas. At the same time the said defendant filed a motion to the court to sustain its special exception to the jurisdiction theretofore filed, and to vacate and dismiss the receivership proceedings against defendant and its property.

"Thereafter, on October 21, 1902, Wills Point Mercantile Company was declared, by the referee in bankruptcy for the Eastern District of Texas, at Tyler, to be a bankrupt, upon the admission of bankruptcy filed by said company for the benefit of creditors, and the bankrupt court appointed Geo. W. Eason, of Tyler, receiver, who did at once duly qualify as such. After such qualification as receiver by the said Geo. W. Eason, he voluntarily appeared on October 27, 1902, and prayed leave of the court to intervene in the case, which was granted. He thereupon filed his petition in intervention and adopted the exceptions and motion of the mercantile company. On October 27, 1902, the court overruled said exceptions and motions, to which ruling the said defendant and said Geo. W. Eason excepted and gave notice of appeal, and they also excepted to the order appointing said Rugel receiver."

Practically only two propositions are raised by the assignments of error presented. First. That the receivership should be vacated because the receiver was appointed on an ex parte application, no notice having been given to the mercantile company. This issue was not raised in the court below by exception, motion, or otherwise. Being presented for the first time in this court it will not be entertained. Second. The other proposition presented is, in effect, that the allegations of plaintiffs' petition showing the domicile of the said Wills Point Mercantile Company to be in Van Zandt County, it being a private corporation, and alleging no facts showing that said company had waived its privilege of being sued for the appointment of said receiver in said county, and that the appointment of a receiver herein over the exceptions of privilege seasonably interposed by said company was without authority of law, and therefore the overruling of the motion to vacate was error.

The exception filed in the court below by the said mercantile company is as follows: "Now comes the defendant, Wills Point Mercantile Company, and for the sole purpose of challenging the jurisdiction of this court over the person and property of this defendant, specially excepts to the plaintiffs' petition, and avers that it is manifest from an inspection thereof that this court has no jurisdiction whatever as to this defendant, in that it manifestly appears from the petition herein that this defendant is a private corporation, duly incorporated under and by virtue of the laws of the State of Texas, and that it is domiciled at Wills Point, in the county of Van Zandt, in the State of Texas; and that it manifestly appears from an inspection of the petition that the property of this defendant lies within the State of Texas, and of this the said defendant prays judgment, etc."

The motion to vacate is as follows: "Now comes the defendant, Wills Point Mercantile Company, for the sole purpose of challenging the jurisdiction of this court, and moves this honorable court to sustain its special exception to the jurisdiction herein heretofore filed, and to vacate and dismiss the receivership proceedings herein had against it and its property at the costs of the plaintiffs herein, etc."

It will be noted that said pleas only specifically attack the jurisdiction

of the District Court of Dallas County on the ground that the domicile of said company is in Van Zandt County, and that its property lies within this State. The want of notice to the company is not suggested, nor is the question of privilege, by said plea. That the court appointing the receiver had jurisdiction to appoint a receiver is clearly decided in Bonner v. Hearne, 75 Texas, 242.

But treating the said pleas as presenting the question of privilege, we are of the opinion that the court properly exercised jurisdiction. The said mercantile company had contracted to pay the indebtedness alleged in Dallas County, thereby waiving its privilege to be sued in Van Zandt County, and the suit being for the purpose of enforcing the collection of said indebtedness, the court could exercise for that purpose all the powers granted to it under the Constitution and laws of the State. The appointment of a receiver falls within the scope of that power.

Art. 1488, Rev. Stats., having been construed by the Supreme Court to only confer a privilege on corporations to have a receiver appointed by a court where its domicile is situate, such comes within the general venue statutes, and an agreement to pay its obligations in a county other than its domicile waives the privilege under said article of having a receiver appointed by a court where its domicile is situated.

The judgment is affirmed.

*Affirmed.*