## Houston, East & West Texas Ry. Co. v. George C. Ollis.

### Decided November 21, 1904.

**1.—Railroad—Injury to Child Playing on Cars—Negligence.**

Where children habitually played in and about a switchyard and the cars left standing therein, with the knowledge and acquiescence of the employes of the railway company, and a child was thrown to the ground and run over by reason of a car being run with unusual speed against a string of cars upon one of which the child had climbed, and it appeared that the switch crew was one man short and that no care was exercised to discover the presence of the children about and on the cars, there was such negligence as rendered the company liable for the injury. Following Ollis v. Railway, 31 Texas Civ. App., 601.

**2.—Assignment of Error—Multifariousness.**

An assignment of error will be disregarded which is multifarious and fails to specify only a single ground or ruling, as required by the statute.

**3.—Continuance—Absent Witness.**

It was not error to refuse a continuance to obtain the testimony of a witness where the matters to which the witness would testify were shown by other witnesses and could not in any event have affected the result.

**4.—Railroads—Negligence in Moving Cars—Substance of Issue.**

Where plaintiff alleged that defendant's employes, in making a flying switch, ran moving cars against the one on which he was when injured, evidence merely that the running cars were run against the other one, without showing the manner in which it was done, was sufficient to sustain a recovery, the substance of the issue as to negligence in moving the cars having been proved.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*Baker. Botts, Parker & Garwood* and *Andrews, Ball & Streetman,* for appellant.—1. Plaintiff was a trespasser upon defendant's premises and cars, and his presence thereon was not known to defendant, or its employes, and could not have been reasonably anticipated, and defendant owed him no duty to discover his presence at the time and place of the accident. Railway Co. v. Crum, 25 S. W. Rep., 1129; Flores v. Railway Co., 66 S. W. Rep., 709; Railway Co. v. Morgan, 92 Texas, 98;

Simonton v. Electric Light Company, 4 Texas Ct. Rep., 585; Dobbins v. Railway Co., 91 Texas, 60; Barney v. Railway Co., 28 S. W., 1009; Railway Co. v. Womack, 84 Ala., 150.

2. When the plaintiff, as a matter of description, alleges that an injury was caused by certain cars being moved against certain standing cars by the flying switch, or kicking process, and there is evidence showing, or tending to show, that the cars were not moved by either of such methods, it is error for the court to instruct the jury to find for the plaintiff whether the cars were moved by either of such methods or not, because such descriptive allegations are material, and proof of such allegations is in such case essential to a recovery. The case must be proved as alleged: Railway Co. v. Younger, 29 S. W. Rep., 949; Wallace v. Railway Co., 42 S. W. Rep., 865.

Charge singling out particular facts, and telling the jury that failure to prove same is immaterial, is on weight of evidence. City of Dallas v. Beeman, 55 S. W. Rep., 762; Railway Co. v. Long, 74 S. W. Rep., 59; Nabours v. McCord, 75 S. W. Rep., 827; Watkins v. Cates, 59 S. W. Rep., 1123.

3. It was error for the court to charge that it was the absolute duty of defendant to keep a lookout for children under the circumstances stated in this instruction, or to use any care to discover them. It should have been submitted as a question of fact for the jury whether, under all the circumstances, including the manner in which the cars were moved, or to be moved, a person of ordinary prudence would have kept a lookout. Lee v. Railway Co., 89 Texas, 588; G., H. & S. A. Ry. Co. v. English, 59 S. W. Rep., 626; Garza v. Railway Co., 41 S. W. Rep., 173.

*John G. Tod* and *Ewing & Ring,* for appellee.—1. The assignments are plainly invalid as multifarious, being in manifest violation of the statute and rules requiring each assignment to specify a distinct and single ground or ruling. Cammack v. Rogers, 96 Texas, 457, 561, s. c. (Texas Civ. App.), 73 S. W. Rep., 946; G., H. & S. A. Ry. Co. v. Foles, 77 S. W. Rep., 235; Cochran v. Siegfried, 75 S. W. Rep., 542; Chimene v. Baker, 75 S. W. Rep., 330; Baum v. Corsicana Nat. Bank, 75 S. W. Rep., 863; H. & T. C. R. R. Co. v. DeBerry, 78 S. W. Rep., 737; Stevens v. Germania Life Ins. Co., 62 S. W. Rep., 824.

2. The claim that the duty of care imposed was not owing to plaintiff on account of his being a trespasser does not meet his case, since upon the facts appearing and submitted, though he took the premises as he found them, the duty was upon the defendant to abstain from injury to him by positive acts of negligence on its part. Tex. & Pac. Ry. Co. v. Watkins, 88 Texas, 25, s. c., 29 S. W. Rep., 232, 234; Gulf, C. & S. Fe Ry. Co. v. Smith, 87 Texas, 348, 357, s. c., 28 S. W. Rep., 520, 521; St. Louis & S. W. Ry. Co. v. Abernathy, 68 S. W. Rep., 539, 540; Texas & Pac. Ry. Co. v. Phillips, 37 S. W. Rep., 620; Law v. M. K. & T. Ry. Co. of Texas, 4 Tex. Ct. Rep., 552, 555, s. c., 67 S. W. Rep., 1025, 1028; Kroeger v. Railway Co., 69 S. W. Rep., 809, 811; St. L. & T. Ry. Co. v. Crosnoe, 72 Texas, 79, 83-85; I. & G. N. Ry. Co. v. Lee, 34 S. W. Rep., 161; s. c., 89 Texas, 583; Pomponio v. N. Y., etc., Ry.

Co. (Conn.), 34 Atl. Rep., 492; Byrne v. N. Y., etc., R. R. Co., 104 N. Y. 362; s. c., 10 N. E. Rep., 539; Barry v. Railway Co., 92 N. Y., 289.

4. The substance of the issue was merely that the cars were struck as the result of one or more of the alleged negligent acts or omissions, the striking being in no sense essentially descriptive or part of the act of negligence upon which recovery was had, and the court in so charging simply declared the rule of law directly applicable to the facts. Int. & G. N. Ry. Co. v. Dyer, 76 Texas, 156, 160-161; Hicks v. Railway Co., 96 Texas, 355, 357-358; Texas & N. O. Ry. Co. v. Lee, S. W. Rep., 343, 345, 348, 349.

GARRETT, Chief Justice.—This suit was brought in the District Court of Harris County by George C. Ollis, his father next friend, to recover damages of the Houston, East & West Texas Railway Company for personal injuries suffered by the plaintiff by the alleged negligence of the defendant. The plaintiff was a child about six years of age and was hurt while playing in the switchyards of the defendant in the suburbs of Houston. He was in the act of descending from a box car when it was struck and moved by another car run against it by a locomotive and he was thrown down and run over by the wheels of the car. The petition alleged as specific acts of negligence that the defendant admitted children of immature years to play upon the premises and cars without using ordinary care to keep them away from them; causing moving cars to run against the stationary cars without warning and without having some one in control of the cars; failing to maintain a lookout and to have someone upon the moving cars to discover plaintiff's presence on the cars and tracks and thereby avoid injuring him. The defendant pleaded a general denial and contributory negligence upon the part of the child in going on the premises and standing cars, when the cars were being continually handled in the making up and despatch of trains. The cause was submitted to the jury upon the questions of negligence of the defendant in causing the moving cars to be run against the standing cars upon one of which the plaintiff was, without warning and without having someone in control of the cars, and in failing to maintain a lookout to discover plaintiff's presence. The trial resulted in a verdict and judgment in favor of the plaintiff for $5,000. This is the second appeal of this case. The first was a judgment in favor of the defendant upon a general demurrer to the petition, which was reversed by this court, as will appear in Ollis v. Houston, East & West Texas Ry. Co., 31 Texas Civ. App., 601, 73 S. W. Rep., 30.

The accident from which the injuries resulted in this case happened January 4, 1901, in the switchyards of the defendant which it maintained just outside of the limits of the city of Houston, in a thickly settled and populous neighborhood where there were numerous children. Cars, chiefly empty ones, were usually on the tracks, and alongside of them were sand piles. Both sides of the switchyards were fenced by a wire fence, but it was down in places, and the wires were wide enough apart to admit the entrance not only of children but of cattle. The children of the neighborhood commonly used these switchyards as a playground, playing on the sand piles along the tracks and in, on and about the

cars, and had been habitually doing so for at least several months. The use of the premises by the children as a playground was known to the defendant's agents and employes in charge and was permitted without objection on their part and was so acquiesced in by them that it became the custom for the children to assemble on the premises for amusement at all hours of the day. The plaintiff would have been six years of age on February 22 following the date of the accident. He was a bright and intelligent child for his age. On the day that he was hurt he went with two older boys into the switchyards and was playing about the empty cars, gathering empty soda bottles and eating scattered wheat. The three boys went on top of a car, and in getting off the other two boys went down the ladder ahead of the plaintiff and had reached the ground, but while the plaintiff was in the act of descending, with his body partially above the top of the car, it was suddenly and violently moved and he was thrown down and the car passed over his right arm, cutting it off. The car from which the plaintiff fell was one of a string of 30 or 35 standing or "dead" cars, 15 or 20 of which stood on the end towards town from the plaintiff and 15 of them beyond him farthest from town. The blow which struck the cars came from the end towards town and was so violent as to move the car on which the plaintiff was about 10 feet. There was no warning of any sort given of the intention to move the cars. No train hands or employes of the defendant were about there at the time and none came to see whether boys were playing there or came there after the plaintiff fell. The boys did not know how the cars were struck, whether by flying switch, kicking or otherwise. The testimony showed that the cars which struck the one on which plaintiff was must have been moving at the rate of 20 miles an hour to move it 10 feet as was done, which was an unusual and unnecessary rate of speed in the conduct of the business; that there was a man short in the switching crew and that no care was exercised to discover the presence of the boys. The plaintiff had been forbidden by his parents from going into the switchyards, and his mother repeatedly warned him of the danger in doing so. This was the first time that he had gone in there, and he was drawn by the presence of older boys. We approve the finding of the jury that the plaintiff was injured by the negligence of the defendant, without contributory negligence on his part, and sustained damages to the amount awarded.

The first and third assignments of error are objected to by the appellee as multifarious, being in violation of the statute and rules requiring each assignment to specify a distinct and single ground or ruling. The objection appears to be well taken; but our conclusion is that the facts sustain the law as stated on the former appeal, which is adhered to, and that the first assignment can not be sustained. The third assignment is disregarded as not in accordance with the rules.

There was no error in refusing the motion for a continuance on account of the absence of the witness Nora Young. The evidence proposed to be shown by her was shown in substance by the plaintiff and his mother, and could not in any event have affected the result, to say nothing of other reasons urged by the plaintiff in support of the ruling. The

testimony of Monroe Ashworth, as shown by the fourth assignment of error, was admissible under the pleadings.

There is no merit in the fifth, sixth, seventh and eighth assignments of error. These complain of the admission of evidence as to the habit of children playing upon or riding upon moving cars of the defendant and the refusal of a special instruction to disregard such evidence. The evidence was admissible under the pleadings of the plaintiff to show that the children made a playground of the switchyards, and the acquiescence of the defendant's employes therein; and there was also other evidence of the same character from other witnesses admitted without objection.

By the ninth, tenth and eleventh assignments of error, based on the general charge of the court, a special instruction given at the request of the plaintiff and an instruction requested by the defendant and refused, the defendant urges the insufficiency of the evidence to support the allegation that the defendant's employes and agents ran the moving cars against the standing car by flying switch or kicking the cars, the evidence having shown only that the moving cars were run against the standing car without showing the manner in which it was done, and not having shown that it was done in the manner alleged. The issue was the striking of the standing car that the plaintiff was on with moving cars attached to an engine, and not the manner in which it was done. It is sufficient that the substance of the issue be proved, and not every unnecessary and immaterial detail. Hicks v. Railway Co., 96 Texas, 355. The case was tried in accordance with the laws as announced on the former appeal, and it is believed to be a correct rule of care exacted of railways towards persons using their premises with their knowledge and acquiescence. At least it is the rule holding in this State, as admitted by the defendant. The remaining assignments of error do not present any questions that require consideration. The judgment will be affirmed.

*Affirmed.*

Writ of error refused.