Amanda M. Ellis, Executrix, v. Marshall Car Wheel and Foun-
dry Company.

*Decided January 31, 1906.*

**Accepted Draft—Action—Evidence—Executrix.**

   Plaintiff suing on drafts accepted by an independent executrix, the written
acceptance as alleged not being denied under oath, could recover on production
of the drafts in evidence, without proof that the purchases for which the drafts
were given were for the benefit of the estate or the prices reasonable.

Appeal from the District Court of Travis County. Tried below be-
fore Hon. V. L. Brooks.

*Eugene Williams,* for appellant.—The acceptance by an executrix
would bind the estate only on proof that the purchases and drafts were
for the benefit of the estate, and were in themselves reasonable. Price
v. McIver, 25 Texas, 769; Adriance v. Crews, 45 Texas, 181; Caldwell
v. Young, 21 Texas, 800; Reinstein v. Smith, 65 Texas, 251.

*F. H. Prendergast,* for appellee.—The execution or acceptance of the
drafts were proven, because not denied under oath, and because ad-
mitted in the answer, this surely made out a prima facie case, and the
court will not indulge in the presumption that Mrs. Ellis violated
her duty to the trust by purchasing property not needed. Bond v. Mal-
low, 17 Texas, 637.

FISHER, Chief Justice.—This is a suit by appellee against the
appellant, as executrix of the estate of L. A. Ellis, deceased, to recover
on two drafts for $880 each, and a sworn account for $17.50.

It is substantially stated in plaintiff's petition that appellant, under
the will of L. A. Ellis, was made independent executrix of the estate,
and that, by the terms of the will, she had full power to manage and
carry on the business of the estate, and to purchase goods, supplies and
articles to be used on the plantation of Ellis, and also articles for the
plantation store; and that the business was to be conducted under the
name of L. A. Ellis; that she assumed the management and control of
the estate, and that, in pursuance thereof, she purchased certain arti-
cles constituting the consideration of the drafts sued on, and the arti-
cles mentioned in the account; that the drafts sued on were drawn upon
L. A. Ellis, and were, by authority of the will, accepted by L. A. Ellis
by Mrs. Amanda Ellis writing the following across the face of each:
"Accepted. Payable at Houston National Bank, Houston, Texas." The
petition then sets up the items constituting the account of $17.50,
which account is verified by affidavit.

The appellant answered by general and special exceptions. Further
answer in presenting defenses, in the view we take of the case, it is un-
necessary to state.

The judgment of the court is to the effect that a motion for con-
tinuance presented by the defendant was overruled, and that a jury
was waived; that the court heard the case and the evidence for the
plaintiff, and the defendant offered no evidence, and then proceeded
to render judgment in favor of the plaintiff against Mrs. Ellis, as ex-

ccutrix of the estate of L. A. Ellis, deceased, for the sum of $1,934, and costs and interest.

The evidence introduced upon the part of the plaintiff is as follows: Plaintiff introduced two drafts drawn by it on L. A. Ellis, each for the sum of $880, of date October 9, 1903, requesting said L. A. Ellis to pay to the order of the First National Bank of Marshall, Texas, the sum of $880, with six percent interest from October 8, 1903; one of said drafts being payable November 1, 1903, the other November 15, 1903. Across the face of each draft was written the words: "Accepted; payable at Houston National Bank, Houston, Texas. (Signed) L. A. Ellis." Plaintiff introduced sworn account for $17.50, attached to its petition, and there rested.

Appellant's first assignment of error is to the effect that the court erred in overruling defendant's special exception addressed to the plaintiff's petition. No order of the court is found in the record disposing of this exception, and it does not appear that it was called to the attention of the court.

The second assignment of error is to the effect that the court erred in admitting in evidence the draft sued upon. There is no bill of exceptions in the record upon this subject.

The third and fourth assignments of error are to the effect that the court erred in overruling appellant's motion for new trial, because the verdict of the jury is unsupported by the evidence, in that the plaintiff was required to show that the demand sued upon was reasonable and due by the estate of L. A. Ellis, deceased, and there was no evidence to that effect. The court erred in overruling appellant's motion for new trial, because the verdict of the jury is unsupported by any evidence, in that plaintiff was required to show that defendant was authorized by the will of L. A. Ellis, deceased, to contract the debt sued upon herein, and there is no evidence to that effect. The proposition submitted under these two assignments is as follows: "An executrix is limited in her purchases or the acceptance of drafts, like any other person acting in a fiduciary relation, and such purchases and drafts would bind the estate only on proof that the purchases and drafts were for the benefit of the estate, and were in themselves reasonable."

The execution and the acceptance of the drafts, and the liability of the appellant therefor in her representative capacity, were established under the statute when they were offered and introduced in evidence. There was no denial under oath, as required. When suit was brought on the drafts, and the liability of Mrs. Ellis was alleged, as executrix, when sued in her representative capacity, and was sought to be charged under these written instruments, which she was alleged to have executed, the defense should have been presented in the manner required by the statute. These drafts were offered in evidence, and there was no objection urged to their admissibility. The appellant, in her answer, practically admits the execution of these drafts, but seeks to escape liability on the ground that there was a breach of the contract in the purchase of the articles represented by the drafts.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.