### ALBERT MOORE v. GALVESTON ELECTRIC COMPANY.

#### Decided April 23, 1910.

**Pleading—Proof—Substance of Issue.**

In a suit against a street railway for personal injuries caused by tripping over a spike in a cross tie, plaintiff alleged that the spike was partially driven in and left protruding above a tie at or near the side walk line of intersecting streets, and constituted a dangerous obstruction in a street where many people come and go; the plaintiff testified that the spike in question was in the line of the sidewalk crossing of the street; other witnesses placed it from fifteen to forty feet away from the crossing. Held, in either case the substance of the issue was proved, and it was reversible error for the court to charge the jury that the plaintiff was not entitled to recover if they believed from the evidence that he was walking upon defendant's track some fifteen or thirty or forty feet from the sidewalk crossing.

Error from the District Court of Galveston County. Tried below before Hon. Lewis Fisher.

*James B. & Charles J. Stubbs,* for plaintiff in error.

*Terry, Cavin & Mills,* for defendant in error.—The charge was proper because the defendant's duties to the plaintiff were different in the event the accident happened at the place and in the manner stated in the charge, from what said duties would have been if the accident had occurred at the place and in the manner alleged in plaintiff's petition. The undisputed evidence shows that Market Street and the tracks of the defendant on Market Street were being repaired and placed in condition for paving under the rules and regulations of the city of Galveston, and the defendant owed a different duty to the plaintiff if he was injured on the foot crossing than it owed if he had been injured in the middle of the track. The plaintiff's petition declared upon an injury occurring at the foot crossing, and if the jury found that the injury did not so occur, there was a fatal variance between the proof and the allegations of the petition, and the court properly told the jury to find for the defendant if they found such variance did exist. Johnson v. Galveston, H. & N. Ry. Co., 27 Texas Civ. App., 616; St. Louis S. W. Ry. Co. v. Moss, 37 Texas Civ. App., 461.

McMEANS, Associate Justice.—The plaintiff, Albert Moore, sued the defendant, Galveston Electric Company, for personal injuries sustained by him. Plaintiff pleaded, in substance, that defendant operated a street railway on Market and other streets in the city of Galveston, and at the time of the injuries complained of it was repairing its roadbed, track, etc., at and near the crossing of Thirtieth and Market Streets, where it negligently left exposed one or more large spikes partially driven into a tie, and projecting several inches above the street; that plaintiff was going south on Thirtieth Street when he stumbled against a spike at or near the middle of a tie, and was thereby tripped and thrown violently to the ground, thereby causing his injuries; that the spikes were at or near the sidewalk line where many people come and go and were dangerous obstructions, etc.

Defendant answered pleading several defenses which need not be set out.

A trial resulted in a verdict and judgment for defendant, from which plaintiff has prosecuted this appeal.

While the plaintiff testified that the spikes were left in the sidewalk line at the crossing of Thirtieth and Market Streets, another witness testified that plaintiff pointed out the spikes, and the place where he fell, to him, and that this place was on Market Street some five or six yards east of the crossing. Another witness testified that plaintiff told him that the spikes and the place where he fell was thirty or forty feet east of the crossing. Upon the issue of variance between the pleadings of plaintiff and the proof as to the location of the spikes, the defendant requested, and the court gave to the jury, the following special charge:

"You are instructed if you believe from the evidence that the plaintiff was walking upon defendant's track between Twenty-Ninth and Thirtieth Streets in the city of Galveston, and some fifteen to thirty or forty feet before reaching Thirtieth Street he tripped or stumbled upon a spike or spikes in one of the cross-ties in defendant's track and thus fell and was injured, then the plaintiff would not be entitled to recover, and you will find your verdict in favor of defendant."

The giving of the above charge is complained of by appellant by his first assignment of error.

Plaintiff alleged in his petition that the spikes were partially driven in, and left protruding above, a tie at or near the sidewalk line of Thirtieth Street where it intersected Market Street. The negligence charged against defendant was that the spikes, left where they were by defendant, constituted a dangerous obstruction in a street "where many people come and go." We think that whether the proof showed that the spikes were in the line of the sidewalk as plaintiff testified they were, or whether they were *near* the sidewalk line as the other witnesses testified, the substance of the issue was proved, and that the giving of the charge was error. Paris Transit Co. v. Alexander, 90 S. W., 1119; Hicks v. Galveston, H. & S. A. Ry., 96 Texas, 355; Texas & N. O. Ry. v. Scarbrough, 104 S. W., 413; Missouri, K. & T. Ry. v. Crum, 35 Texas Civ. App., 607, 81 S.

W., 74; Houston, E. & W. T. Ry. v. Ollis, 37 Texas Civ. App., 231, 83 S. W., 850; Gulf, C. & S. F. Ry. v. Johnson, 83 Texas, 634. The assignment is sustained.

Appellant has presented several other assignments of error upon which he seeks a reversal of the judgment of the lower court, all of which have been examined by us, and we are of the opinion that there are no reversible errors pointed out in any of them.

For the reasons indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*