CARTER–MULLALY TRANSFER CO. et al. v. ROBERTSON et al. (No. 7427.)

(Court of Civil Appeals of Texas. Galveston. Oct. 16, 1917. Rehearing Denied Nov. 8, 1917.)

1. BANKRUPTCY ⚖➙20—STATE COURTS—RECEIVERS—JURISDICTION.

Where a petition in bankruptcy is filed within four months of appointment of a receiver by a state court, when the adjudication in bankruptcy occurs, the bankruptcy court succeeds the state court and the trustee takes over the property.

2. BANKRUPTCY ⚖➙152—TAKING OVER PROPERTY OF RECEIVERSHIP—TITLE.

When a trustee in bankruptcy takes over property in hands of a state receiver, as far as title to property is concerned, the adjudication relates back to the date of the filing of the petition, and makes subject to review only actions of the receiver or the state court appointing him.

3. APPEAL AND ERROR ⚖➙843(1) — MATTERS REVIEWABLE—MOOT QUESTIONS.

On appeal from a judgment of a state court appointing a receiver, the assignments of error relating to the appointment of the receiver become moot questions, where a petition in bankruptcy has been filed within four months, and they will not be reviewed.

4. APPEAL AND ERROR ⚖➙743(1)—ASSIGNMENT OF ERRORS — SAVING OBJECTIONS — COURT RULES.

Violation of rule 31 of the Rules for the Courts of Civil Appeals (142 S. W. xiii), by not giving pages of the record or brief in the statement of proceedings following assignments of error, prevents consideration of such assignments.

5. APPEAL AND ERROR ⚖➙736—MULTIFARIOUS ASSIGNMENTS OF ERROR.

An assignment of error which attempts to present several separate and distinct grounds of error having no relation to each other is multifarious and bad.

6. APPEAL AND ERROR ⚖➙742(4) — MATTERS REVIEWABLE—STATEMENTS—BILL OF EXCEPTIONS.

Assignments of error relating to errors in the admission or rejection of evidence cannot be reviewed, where the statements subjoined do not show that the issues were saved by bill of exceptions.

7. RECEIVERS ⚖➙3 — DOMICILE OF CORPORATION—WHAT COURT MAY APPOINT.

In a straight suit on a note expressly payable in the county of suit, a receiver may be appointed as an ancillary remedy, although the domicile of the defendant, a corporation, is in another county.

8. CONTINUANCE ⚖➙24—MOTION FOR CONTINUANCE—ABUSE OF DISCRETION.

Where a continuance to obtain evidence was denied, there was no abuse of discretion, where all the material facts alleged in the motion as a basis for continuance were proved by other testimony.

9. CORPORATIONS ⚖➙487(1) — ULTRA VIRES ACTS—ESTOPPEL.

Where a corporation has borrowed money and used it to advantage for three years, it is estopped to set up that the loan was for an unlawful purpose and ultra vires, especially where there is a presumed finding that the lender did not know of the unlawful use.

10. APPEAL AND ERROR ⚖➙1073(1)—HARMLESS ERROR—PROVISIONS IN JUDGMENT.

Where in an action against a corporation and an indorser on its note judgment was had against both, a provision of the judgment that the indorser should have a judgment against the corporation for any amount paid on judgment, without prejudice as to any claim of the corporation against him, if erroneous, was harmless.

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Suit by J. A. Robertson against the Carter-Mullaly Transfer Company, H. E. Hildebrand, and John M. Roberts. Judgment for plaintiff, and the defendants, except the last mentioned, appeal. Affirmed.

A. J. Bell, of San Antonio, and Jas. B. & Chas. J. Stubbs, of Galveston, for appellants. Cobbs & Cobbs, of San Antonio, and Terry, Cavin & Mills, of Galveston, for appellees.

GRAVES, J. This appeal is prosecuted by Carter-Mullaly Transfer Company, a corporation, whose domicile and principal office was in Bexar county, Tex., and H. E. Hildebrand, from a joint and several judgment for $31,741.71, obtained in the trial court by appellee, Robertson, against them, together with another, John M. Roberts. Roberts neither answered in the suit, nor appealed from the judgment.

The amount of the judgment represented the balance found by the court to be due upon two notes given by the corporation to appellee, Robertson, certain certificates of stock of the corporation being attached thereto as collateral, which by their terms were payable in Galveston county, and which had been indorsed by the named individuals, H. E. Hildebrand and John M. Roberts, who were president and secretary treasurer, respectively, of the corporation. Prior to rendition of the judgment—indeed, on the filing of the petition therefor—the court had, upon ex parte application of appellee, appointed in Galveston county a receiver for the corporation.

By agreement of all the parties, the cause was tried before the court without a jury, resulting in the judgment above mentioned, the decree awarding appellee foreclosure of his lien upon the stock so held as collateral to his notes, and granting appellant Hildebrand a like judgment over against the corporation, in event appellee should collect the amount of his judgment against the corporation out of Hildebrand's property, with the further recitation, however, that Hildebrand's judgment over against it should in no way preclude or prevent the corporation from thereafter asserting and prosecuting any other claims or causes of action not in this suit litigated it might have against him; while immediate execution was awarded appellee against the individuals, Hildebrand and Roberts, it was further ordered that no present execution issue against the corporation in favor of either appellee or

Hildebrand on their several judgments against it, but that these be paid in the ordinary course of the receivership and subject to the further orders of the court.

Appellants admitted the execution and delivery of the two notes, one being for $10,000 and the other for $15,000, and that they represented money loaned to the corporation by appellee, and, aside from jurisdictional matters and objections to the receivership, and the foreclosure upon the stock, made no defense against the obligations, except to claim that the bulk of the $15,000 loaned on that note was furnished by appellee, with full knowledge of its intended use, to appellant corporation for an unlawful purpose, to wit, with which to buy up the stock and pay the debts of its competitor in the transfer business in San Antonio, the San Antonio Transfer & Taxicab Company, and that consequently the corporation's act in so borrowing the money and executing the note therefor was ultra vires and void, and the note never became its valid and binding obligation.

Appellee, Robertson, denied that any of the $15,000 so loaned by him was used for any such purpose, or for any unlawful purpose, or that he knew of its intended use for any such purpose, and further pleaded that, if any of it was so used, it was without his knowledge or consent, and that through the purchase therewith of its competitor's stock, appellant corporation had acquired and used much valuable property and many advantageous contracts and other advantages, from all of which it had profited and received the benefits, and that it was consequently estopped to claim that its act in executing the $15,000 note sued on was ultra vires and not binding upon it; his continued allegation was:

"Plaintiff was wholly ignorant of the purposes for which said obligations had been given, and it was represented to plaintiff by the defendant H. E. Hildebrand, acting for the defendant Carter-Mullaly Transfer Company, and in his capacity as president thereof, that the money derived from said loan was needed in order to take up valid outstanding obligations of said defendant Carter-Mullaly Transfer Company, which if not taken up and satisfied would cause said Carter-Mullaly Transfer Company to fail and be placed in a receivership or in bankruptcy. That at said time said representations were made to plaintiff the entire capital stock of Carter-Mullaly Transfer Company was owned by defendants H. E. Hildebrand and John M. Roberts, the former being the president of said corporation, and the latter being the secretary and treasurer, and that said defendants H. E. Hildebrand and John M. Roberts, in their capacities as such president and secretary and treasurer, respectively, acting together and in behalf of the defendant, Carter-Mullaly Transfer Company, made said representations to plaintiff and so induced him to lend the said sum of fifteen thousand dollars ($15,000.00). If said representations so made to him by the said defendants at the time he loaned and advanced said sum of fifteen thousand dollars ($15,000.00) were untrue and incorrect, having received the benefits of the said loan, and the said plaintiff having actually paid the said money to the said defendants, and the money having been used by the defendants in the furtherance and pursuance of the business of the Carter-Mullaly Transfer Company for more than three (3) years, they cannot now assert them in any way questioning or denying the validity of said loan."

Appellants present the case to the court upon ten assignments of error, numbered in their brief as 1 to 8, inclusive, and 11 and 12. But appellee has filed a motion asking that this court strike out and not consider the assignments so numbered 3, 4, 5, 6, 7, 8, and 11, and reciting as follows:

"For grounds of this motion this appellee respectfully shows to the court that since the rendition of the judgment appealed from, all of the questions raised and presented by the foregoing assignments of error have become and are mere moot questions and only academic in their nature, and that as to the same there is no real issue now pending between the parties hereto, because of the fact that on the 24th day of April, 1916, the appellant H. E. Hildebrand, together with the San Antonio Hotel Company, Arnold, Cosby & Peyton, and Ed. Steves & Son, filed in the District Court of the United States for the Western District of Texas at its San Antonio Division, their petition in involuntary bankruptcy against the appellant, Carter-Mullaly Transfer Company, praying that the same be duly adjudged a bankrupt, and that its affairs be administered by the bankruptcy court according to the ordinary course and principles of bankruptcy; and because on the 24th day of February, 1917, by an order duly entered by the said District Court of the United States for the Western District of Texas, upon said petition the said Carter-Mullaly Transfer Company was duly and legally adjudicated, adjudged and declared a bankrupt, and on the same day the matter of its bankruptcy was by said court referred, in accordance with the bankruptcy laws of the United States, to Hon. Frank H. Booth, referee in bankruptcy for said division of said court, and on the 16th day of March, 1917, the first meeting of the creditors of said Carter-Mullaly Transfer Company was held before said referee in bankruptcy, and at such meeting A. O. Burnett, of San Antonio, Texas, was duly elected and appointed trustee of the bankrupt estate of said Carter-Mullaly Transfer Company, and duly qualified as such, and was directed to take possession of the assets and property of said bankrupt, from Harry T. Rand, the receiver appointed by the order of the court below in this cause, and on the 28th day of March, 1917, the district court of Galveston county, Tex., for Tenth judicial district, being the court from which this appeal is prosecuted, entered its order upon an application therein filed by the said trustee in bankruptcy, directing and commanding the said Harry T. Rand, as its receiver, to turn over and deliver all of the assets and property of the said Carter-Mullaly Transfer Company in his hands to the said trustee in bankruptcy; and because the said adjudication of bankruptcy and the taking possession of the estate and assets of said Carter-Mullaly Transfer Company by said bankruptcy court and its trustee relate back to and are effective as of April 24, 1916, the date of the filing of the petition for adjudication of bankruptcy, and all of the matters and things complained of in the assignments of error, herein moved to be stricken out, having occurred after the filing of said bankruptcy petition, have now become immaterial and raise only moot and academic questions."

By proper exhibits the facts alleged are made to appear. It is our conclusion that this motion is well taken and should be granted.

[1] The receiver had been appointed by the ·

district court of Galveston county on April 20, 1916, only four days before the filing in the federal court of the petition in bankruptcy, and it seems to be the settled rule of the bankruptcy law that where the property, at the time of the filing of the petition' in bankruptcy, is in the possession of a receiver appointed by a state court within four months prior to the filing of the bankruptcy petition, when the adjudication in bankruptcy occurs, the bankruptcy court succeeds and supersedes the state court, and its trustee takes over from the state receiver the property involved for administration in bankruptcy. Remington on Bankruptcy (2d Ed.) §§ 1602–1605; In re Knight (D. C.) 125 Fed. 35; In re Brown (D. C.) 91 Fed. 358; Wilson v. Parr, 115 Ga. 629, 42 S. E. 5.

[2] And, further, that, in so far as the title to the property is concerned, the adjudication relates back to the date of the filing of the petition, and supersedes and makes subject to review in the bankruptcy court only actions of the receiver or of the state court appointing him. Remington on Bankruptcy (2d Ed.) §§ 1117 and 1126; Everett v. Judson, 228 U. S. 474, 33 Sup. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154; In re Judson, 192 Fed. 834, 113 C. C. A. 158; Pratt v. Bothe, 130 Fed. 670, 65 C. C. A. 48; In re Waite-Robbins Motor Co. (D. C.) 192 Fed. 47.

[3] Carter-Mullaly Transfer Company, having been later duly adjudicated a bankrupt on this petition, and its assets and property taken over' by the officer of the bankruptcy court from the possession and control of the state court's receiver, and such possession and control relating back to the date of the filing of the petition for adjudication of bankruptcy, which was prior to the trial of this case in the court below on July 15, 1916, we think the contention that all questions as to the validity of the appointment of the receiver and those incident thereto have become moot and academic is sound. That being true, it would be futile and would get nowhere to now determine them upon this appeal.

The situation here presented, that is, the extinguishment pendente lite of the state court's power and control over the property and assets of the corporation by the superseding authority of the bankruptcy court, as effectively as if they had been in fact destroyed, is in legal result and effect analogous, we think, to those cases where, in such circumstances, the subject-matter of the controversy between the parties has actually ceased to exist, as where the term of an office has expired before determination of the title to it, or where a bridge, the use of which had been enjoined, was destroyed pending appeal from the judgment granting the injunction. S. W. Tel. & Tel. Co. v. Galveston County, 59 S. W. 589; Robinson v. State, 87 Tex. 565, 29 S. W. 649; McWhorter v. Northcutt, 94 Tex. 86, 58 S. W. 720; Lacoste v. Duffy, 49 Tex. 768, 30 Am. Rep. 122.

We think the principle stated in those cases is equally applicable here; but appellants reply that, even if the adjudication of bankruptcy of the corporation did in effect settle and dispose of all questions relating to the state court's receivership as against it, still the matters in controversy growing out of that same receivership as between appellant Hildebrand and appellee, Robertson, were nevertheless unaffected thereby, and are still as live and undetermined as they ever were; but just how this may be is not pointed out, and no way has independently occurred to us.

While not indicating in just what manner any substantial right of the individual Hildebrand in relation to the corporation's property could now be properly determined upon this appeal, in the face of the exclusive control and administration of it by the bankruptcy court, which that individual himself invoked prior to the rendition of this appealed from judgment against him, appellants in general opposition to the motion cite and rely upon the recent case of H. & B. V. Ry. Co. v. Hughes, 182 S. W. 23, decided by this court. But, when properly applied, we do not think that decision inveighs against the conclusion we have stated. In that case there was an appeal by the corporation from an ex parte order appointing a receiver for its properties; the appellee moved to dismiss the appeal because at a later hour on the same day as that on which the order appealed from was entered, a receiver for the property of the appellant corporation was appointed by the United States District Court upon the application of a bondholder of the defendant corporation, and because it appeared that the defendant corporation had, impliedly at least, consented to such an appointment by the United States District Court. It was held that the facts so appearing did not make the question of the validity of the prior order of the district court of Brazoria county, appointing a receiver, a mere moot question, because the corporation appellant had the right to have the validity of the order appointing the receiver by the state court reviewed, and that it made no difference that after the entry of such order another court had also appointed a receiver. The distinction is obvious. In the Hughes Case there was a conflict in jurisdiction between the state and federal courts, the former having first acquired jurisdiction. If the order appointing the receiver in the state court was not appealed from, or the appeal therefrom dismissed, or if the order was left in force, it is plain that under the general rule of comity existing between courts, the state receiver would have retained jurisdiction over the subject-matter of the suit and have proceeded to administer the affairs and control the assets of the corporation. The instant case is entirely different, in that the functions of the re-

ceiver appointed by the order of the court below have been entirely superseded, and all of his powers and of the powers of the court itself over the assets of the corporation have been destroyed by operation of law through the action of the bankruptcy court in taking jurisdiction of the assets of the corporation. The motion is therefore granted, and the assignments enumerated in it are stricken out, and will not be considered.

[4] But the grounds stated in this motion to disregard them are not the only objections offered to consideration of the particular assignments therein named; attention is further called to the fact that no one of them, nor any of the various propositions thereunder, is followed by a proper statement of such proceedings as are necessary and sufficient to support them, with a reference to the pages either of the record or of appellants' brief, showing where such matters may be found, as required by rule 31 for the Courts of Civil Appeals (142 S. W. xiii).

[5] The sixth assignment is cumulatively violative of the rules and decisions of our courts as being multifarious, in that it attempts to present several separate and distinct grounds of error having no relation to each other. Morris et al. v. Gal. Electric Co., 194 S. W. 490, and authorities there cited.

[6] Furthermore, there is no sufficient statement subjoined to either the seventh, eighth, or eleventh assignments showing that the points and issues therein attempted to be raised were saved by any bill of exceptions appearing in the record; since all three relate to alleged errors in the admission or rejection of evidence, in the absence of a supporting bill of exceptions, they cannot be reviewed by an appellate court. Ford v. Cowan, 64 Tex. 129; Morgan v. Oliver, 80 S. W. 111; Ellis v. Marshall Car Wheel & Foundry Co., 41 Tex. Civ. App. 501, 95 S. W. 689; G., H. & S. A. Ry. Co. v. Pingenot, 142 S. W. 93; Royal Casualty Co. v. Nelson, 153 S. W. 674.

[7] If at liberty, however, to disregard the well-taken objections to consideration of the particular assignments raising those issues, we should hold that the petition did not show upon its face that the sole object of the suit was the appointment of a receiver, as is contended by appellants, nor even that such was its main purpose; but, upon the contrary, that its allegations plainly disclosed a straight suit in the usual form for the establishment of liability and recovery upon promissory notes expressly payable in the county of the suit, coupled with an application for the appointment of a receiver as an ancillary remedy, and that, under these circumstances, the district court of Galveston county was not without jurisdiction to entertain the application for receivership, notwithstanding the fact that the corporation was domiciled in a different county. Wills Point Mercantile Co. v. Southern Rock Island Plow Co., 31 Tex. Civ. App. 94, 71 S. W. 292, 294; Ripy v. Red Water Lumber Co., 48 Tex. Civ. App. 315, 106 S. W. 476.

There but remain for consideration assignments 1, 2, and 12.

[8] Numbers 1 and 2 present in slightly differing forms the alleged error of the court in overruling appellants' application for a continuance; but after a careful review of the evidence, we think no error in this respect is shown; the continuance was sought in order to procure the books and records of the corporation and the testimony of absent witnesses for the avowed purpose of supporting and establishing appellants' previously detailed plea that the greater part of the money borrowed upon the $15,000 note was obtained for the unlawful purpose already outlined, and that the corporation's act in so borrowing and executing its note therefor was ultra vires and not binding upon it; but the evidence admitted, taken as a whole, very clearly shows, we think, and that, too, largely upon the testimony of appellant Hildebrand himself, that appellants suffered no real deprivation, and proved upon the trial practically all, and certainly the material facts alleged in their motion as the basis for the desired continuance. Such being the state of the record, no abuse of the court's discretion in refusing the continuance appears. G., H. & S. A. Ry. Co. v. Robinett, 54 S. W. 263; Kennedy v. Yoe, 39 S. W. 946; H. E. & W. T. Ry. Co. v. Ollis, 37 Tex. Civ. App. 231, 83 S. W. 859.

[9] Moreover, for an additional and much the more potential reason, we think the refusal of the continuance, sought for the purpose it was thus shown to be, constituted no error, because, in the light of what was developed upon the trial, and especially of appellant Hildebrand's express admissions, appellants, having received, used, and profited by, for more than three years, the proceeds of the $15,000 note, were estopped to deny the appellee's right to repayment thereof, especially in view of the court's presumed finding which rested upon ample evidence, that they failed upon the trial to prove that he ever had any knowledge of their intended use of the money loaned them for any unlawful purpose. Bay City Bank & Trust Co. v. Rice-Stix Dry Goods Co., 195 S. W. 344; Taylor Feed Pan Co. v. Bank, 181 S. W. 538; H. L. & L. Co. v. Danley, 131 S. W. 1143; Coppard v. F. & M. St. Bank, 184 S. W. 551. Finally, the court's further finding that no diligence was shown is likewise fully supported. Both assignments are therefore overruled.

[10] The twelfth and last assignment complains of the recitations in that part of the judgment in favor of appellant Hildebrand over against the corporation, but does not, in our opinion, point out any material error, and it is overruled without detailed discussion; even if the provision that Hildebrand's judgment against the corporation

should be without prejudice to its right to thereafter assert any other demands or claims it might have against him was unnecessary or erroneous, it is wholly harmless as to any possible effect upon the rights of either appellant here.

Finding no reversible error, the trial court's judgment is affirmed.

Affirmed.