MILLER v. P. W. EZELL MERCANTILE CO. (No. 7512.)

(Court of Civil Appeals of Texas. Galveston. Feb. 5, 1918.)

1. APPEAL AND ERROR ☞731(1) — ASSIGNMENT OF ERROR.

An assignment of error, "The verdict was contrary to the law and evidence," is too general and indefinite, within the condemnation of Court of Civil Appeals rule 26 (142 S. W. xii).

2. APPEAL AND ERROR ☞260(1)—NECESSITY OF EXCEPTION—RULING ON EVIDENCE.

Admission or rejection of evidence cannot be reviewed, in the absence of bill of exceptions reserved thereto.

3. APPEAL AND ERROR ☞544(1)—BILL OF EXCEPTIONS—REFUSAL OF CHARGE.

Refusal of requested charge cannot be reviewed, in absence of formal bill of exceptions required by statute at time of trial.

Appeal from District Court, Anderson County; John S. Prince, Judge.

Action by Mrs. V. F. Miller against the P. W. Ezell Mercantile Company. From an adverse judgment, plaintiff appeals. Affirmed.

J. W. Stitt, of Ft. Worth, for appellant. Thomas B. Greenwood, of Palestine, for appellee.

LANE, J. This suit was instituted by Mrs. V. F. Miller against the Ezell Mercantile Company to recover the sum of $3,500 for the breach of an alleged contract. Judgment was for the defendant mercantile company.

Plaintiff in the court below alleged that the Ezell Mercantile Company had contracted with her to sell her peach crop for the year 1913 at the highest market price, on commission; that her peach crop for that year sold by appellee amounted to 1,093 bushels and 97 crates; that said peaches so sold by appellee were sold for $1 per bushel, while the best market price for that year was $3.75 per bushel, a loss to her of $2.75 per bushel, or, in the aggregate, $3,500.

Defendant answered by general denial and by special plea—

"that appellant, Mrs. V. F. Miller, on or about June 30, 1913, acting by her agent duly authorized, joined other peach growers of Neches in a written contract for the sale of all their peaches, including those belonging to appellant, Mrs. V. F. Miller, unto Dublin Bros. at $1 per bushel; that afterwards Mrs. Miller adopted the contract and performed her obligations thereunder by delivering her peach crop, consisting of 1,093 bushels and 97 crates, to Dublin Bros. at $1 per bushel, aggregating $1,160.90, all of which she received and accepted and retained; and that the only connection between appellee and Mrs. Miller's peach crop was for its cashier and secretary to act for Mrs. Miller in selling and delivering and collecting for the peaches, all with the utmost fidelity and without compensation, and to her great profit and advantage."

The issues joined were submitted to a jury under a general charge, and the jury returned a general verdict for appellee Ezell Mercantile Company. From this judgment Mrs. Miller has appealed.

[1] Appellant's first assignment in her motion for new trial is as follows: "The verdict was contrary to the law and the evidence." Such assignment is condemned by rule 26 for the Courts of Civil Appeals (142 S. W. xii) and by an unbroken line of decisions of this state (Wetz v. Wetz, 27 Tex. Civ. App. 597, 66 S. W. 869; Modern Brotherhood v. Chandler, 146 S. W. 626; Wright v. Wright, 155 S. W. 1015; Groesbeck v. Wiest, 157 S. W. 258; Goodwin & McFarland v. Burton, 54 Tex. Civ. App. 586, 118 S. W. 587). The assignment is too general and indefinite and will not be considered by this court.

[2] The second assignment complains of the admission of certain evidence over the objection of appellant. If any exception was reserved to the admission of the testimony complained of in the assignment it is not shown by the record. In the absence of a bill of exception reserved to the admission or rejection of evidence, such admission or rejection cannot be reviewed. Ford v. Cowan, 64 Tex. 129; Morgan v. Oliver, 80 S. W. 111; Ellis v. Marshall Car Wheel Co., 41 Tex. Civ. App. 501, 95 S. W. 689; Railway Co. v. Pingenot, 142 S. W. 93; Royal Casualty Co. v. Nelson, 153 S. W. 674; Carter-Mullaly Transfer Co. v. Robertson, 198 S. W. 791.

[3] The third and fourth assignments complain of the refusal of the court to submit

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to the jury certain special charges requested by appellant. The record does not disclose any formal bill of exception reserved to the action of the court in refusing the special requested charges. Rulings upon special requested charges cannot be reviewed where the exceptions thereto are not supported by a formal bill of exceptions as required by the statutes in force at the time of the trial. Handly v. Adams, 195 S. W. 888; Gulf, T. & W. Ry. Co. v. Dickey, 187 S. W. 184

In view of the fact that none of the matters complained of by the assignments in appellant's brief can be reviewed, and as no fundamental error is pointed out by appellant, or apparent of record, the judgment of the trial court is affirmed.

Affirmed.