## REILLY v. REILLY. (No. 9668.)

(Court of Civil Appeals of Texas. Fort Worth. June 18, 1921.)

1. **Appeal and error** ⟐499(3)—**Objection to testimony must be presented by proper bill of exceptions.**

An objection to the introduction of testimony, to be available on appeal, must be presented by a proper bill of exception.

2. **Appeal and error** ⟐688(1)—**Bill of exceptions held not to show witness was in courtroom after rule invoked.**

A bill of exceptions, reciting that a witness was permitted to testify, "After said witness had been in the courtroom and heard a number of witnesses testify, the rule had been duly invoked," did not show that the witness was in the courtroom and heard other witnesses testify after the rule had been duly invoked.

3. **Divorce** ⟐130—**Evidence held to support decree for wife.**

In a wife's suit for divorce, evidence that the husband slapped the wife, and evidence concerning his associations with women of questionable character and concerning fusses between the husband and wife, *held* to support a decree in favor of the wife.

4. **Divorce** ⟐184(6)—**Conflicts in evidence in divorce suit were for trial court.**

That a husband, sued for divorce, denied slapping his wife or associating with women of questionable character, or other circumstances tending to show a want of harmony between the parties, testified to by the wife's witnesses, merely presented a conflict of testimony which it was the province of the trial court to determine.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by Pearl Reilly against W. T. Reilly for divorce. Judgment for plaintiff, and defendant appeals. Affirmed.

Burkett, Anderson & Orr, of Eastland, for appellant.

Turner & Seaberry, of Eastland, for appellee.

CONNER, C. J. This suit was instituted by the appellee, Pearl Reilly, against her husband, W. T. Reilly, for a divorce and the custody of their minor child. The plaintiff alleged that the defendant failed and refused to furnish the necessaries of life for herself and child; that defendant disregarded his marital vows by associating himself on different occasions with women of questionable character; that during the month of May, 1920, the defendant assaulted the plaintiff, and inflicted upon her bodily pain and injury, without justification or provocation on her part.

The defendant answered with demurrers, general and special denials of the facts alleged by the plaintiff, and in turn sought a divorce and the custody of said child by cross-action, alleging certain acts, denominated as cruel, such as would render their further living together as husband and wife insupportable, and such as would render plaintiff an improper person to have the custody of their said child.

The trial was before the court without a jury, and after a hearing of the evidence the prayer of the plaintiff for a divorce and for the custody of the minor child was granted. From the judgment so rendered, the defendant has appealed.

Appellant's assignments of error present but two questions. In the inverse order of their presentation they are: First, whether the court erred in admitting the testimony of the witness Sam Bench; and, second, whether the evidence, as a whole, is sufficient to support the judgment.

Sam Bench, among other things, testified:

"I was present one Sunday afternoon when Mr. and Mrs. Reilly were out kodaking and had a little fuss. Mr. Clarence Reilly and Mrs. ——— and myself and Mr. and Mrs. Reilly were present. They were kodaking, and all got ready to go, and Mrs. Reilly wanted to take another picture, and W. T. didn't want her to; he wanted her to get into the car. He stepped out of the car and told her to get into the car, and slapped her, and they got in the car, and we left. It was a hard lick he struck her. He hit her pretty near hard enough to knock her down. I took it he was angry. After they got home, I heard him say he wished she would leave. He didn't tell her where he wished she would go to."

The following, omitting formal parts, is the bill of exception presented as supporting the objection to Bench's testimony:

"Be it remembered that trial was had upon the above entitled and numbered cause on the 17th day of November, 1920, whereupon a judgment was rendered in favor of the plaintiff, and thereupon in open court the defendant duly excepted to said judgment for the following reasons, to wit: Because the court erred in admitting the testimony of Sam Bench over the objection of the defendant after said witness had been in the courtroom and heard a number of witnesses testify after the rule had been duly invoked, and defendant here and

now tender this his bill of exception No. 11, and asks that the same be allowed and ordered filed as a part of the record in this cause, which is accordingly done, this the 30th day of December, A. D. 1920."

[1] An objection to the introduction of testimony to be available on appeal must be presented by a proper bill of exception. Morgan v: Oliver, 80 S. W. 111; Ellis v. Marshall, 41 Tex. Civ. App. 501, 95 S. W. 689. By observing the bill quoted, it will be seen that appellant fails to show that objection was made to Sam Bench's testimony at the time it was offered. The objection appears to have been to the "judgment" rather than to the evidence.

[2] Furthermore, the bill recites that the witness had been permitted to testify "after said witness had been in the courtroom and heard a number of witnesses testify after the rule had been duly invoked." If the bill can be considered as sufficiently presenting an objection to the testimony at the time it was offered, the bill nowhere shows that in fact Sam Bench had been in the courtroom, and had heard a number of witnesses testify after the rule had been duly invoked. The court overruled the objection, from which, in the absence of a contrary showing, it must be implied that the facts were not as stated by counsel in his objection, nor do they so appear in the statement of facts. The mere recitation of such facts in the objection made is not proof of their truth. See Bailey v. State, 42 Tex. Cr. R. 289, 59 S. W. 900; Terrell v. McCown, 91 Tex. 231, 43 S. W. 2. It follows, we think, that the first question must be determined adversely to appellant.

[3] In considering the second question, we have carefully weighed the evidence, and think it must be determined against appellant. In addition to the testimony of Sam Bench already quoted, Mr. Ogg testified that upon a certain occasion mentioned by him, at a rooming house in the town of Ranger, he observed appellant "playing with a woman of questionable character, and had heard him talk about other occasions when he had been out with other women several times." Appellee testified to a number of disagreeable occurrences and "fusses," and appellant himself testified, among other things, "I consider that Mrs. Reilly and I can never live together further as husband and wife."

[4] The evidence quoted and indicated, we think, supports the trial court's judgment in decreeing the divorce, and there is abundant testimony to the effect that the appellee, Mrs. Reilly, is the proper person to take care of their minor child, only about 2½ years old. The fact that appellant denied having slapped his wife and denied association with lewd women at any time, and denied other specified circumstances tending to show a want of harmony between them, merely presents a conflict of testimony which it was the province of the trial court to determine.

We conclude that the judgment must be affirmed; and it is so ordered.