**DILWORTH & MARSHALL v. KIRBY.***
(No. 10628.)

(Court of Civil Appeals of Texas. Fort Worth. June 2, 1923. Rehearing Denied June 23, 1923.)

**1. Courts ⊂⊃478—Court cannot interfere with another court's custody of property through receiver.**

No court can interfere with the custody of property held by another court through a receiver.

**2. Courts ⊂⊃475(1)—Acquisition of jurisdiction by one court precludes determination of material issues by another court.**

Under the rule of comity between courts, to avoid embarrassing conflicts, secure uniformity of decisions, and discourage repeated litigation of the same questions, the acquisition of jurisdiction of the parties and cause of action by one court precludes any other court from determining the material issues involved, except as permitted by statute or judicial decisions, as in the case of other matters very closely connected with those before the first court.

**3. Courts ⊂⊃478—Receivers ⊂⊃174(1)—May sue or be sued in any court without leave of appointing court, but possession, control, and management of property cannot be disturbed.**

Under Rev. St. 1911, art. 2146, and in view of article 2133, and other statutes relative to suits by and against receivers, and enforcement of judgments against them, a receiver may sue or be sued in his official capacity in any court without first obtaining leave of the court appointing him; but the former may not make any order, or take any action which will disturb the receiver's possession, control, and management of the property in his hands, or conflict with any order or direction relative thereto by the court appointing him.

**4. Receivers ⊂⊃174(1) — Attorney's right to foreclose lien on property in receiver's hands by suit in another county than that of court appointing receiver not affected by latter's fears of inability to guarantee titles of purchasers of property.**

As all persons must take notice of the law, a receiver's fears of inability to secure guaranties of title, to which purchasers of lots held by him were entitled, because of a suit in a court of another county than that of the court appointing him to establish and foreclose an equitable lien on the lots for attorney's fees, must give way to the more important right of the citizen, under Rev. St. 1911, art. 2146, to sue in a court having jurisdiction of the cause in the county of his choice without having first obtained leave from the court appointing the receiver.

**5. Receivers ⊂⊃177—Venue of suit to foreclose lien on property held by receiver appointed by court of another county and adjudication of debt and lien held for court in which brought.**

The venue of a suit to establish and foreclose an equitable lien for attorney's fees on property in the hands of a receiver appointed by the court of another county, and questions involved in determining the existence vel non of the debt and lien, *held* for the court wherein the suit was brought; mere adjudication of the debt and lien, with foreclosure thereof, constituting no tangible or effective obstruction to the jurisdiction of the court appointing the receiver to execute the judgment, and not interfering with the receiver's possession of the property.

Buck, J., dissenting in part.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by A. H. Kirby, receiver of the Equitable Company, Incorporated, against Dilworth & Marshall. From an order perpetuating a temporary injunction, defendants appeal. Reversed, and temporary writ dissolved and set aside.

Estes & Ammerman and Gordon Gibson, all of Fort Worth, for appellants.
Baylor B. Brown and Ocie Speer, both of Fort Worth, for appellee.

CONNER, C. J. The facts in this case material to our conclusion are that the appellee, A. H. Kirby, was duly appointed, by the district court of the Seventeenth judicial district of Tarrant county, receiver of the property of the Equitable Company, Inc., and as such took possession thereof. The property consisted in part of several hundred town lots in the city of San Antonio. Thereafter, on the ——— day of March, 1923, Messrs. Dilworth and Marshall, a firm of attorneys in San Antonio, filed suit in the Seventy-Third district court of their county against the receiver, Kirby, and said Equitable Company for the recovery of $15,000, alleging, in substance, that said sum was due them by virtue of a certain contract, made an exhibit to their petition, pursuant to which they had performed and were entitled to perform certain services in the institution and prosecution of certain suits to remove cloud from the title to the lots in controversy, and therefore were entitled to the damages claimed. It was further alleged, in substance, that, by reason of the facts presented, they were entitled to an equitable lien upon the said property of the Equitable Company, and they prayed for the establishment and foreclosure of said lien.

Thereafter, to wit, on the 10th day of March, 1923, Kirby, as receiver, was, upon due application, by said Seventeenth district court of Tarrant county, awarded a temporary injunction restraining said Dilworth and Marshall from prosecuting their said suit. Of this order the latter parties were given notice to appear before the district court making the order, and show cause, if any they had, why it should not be made final. In answer to such notice the appellants .

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted October 3, 1923.

appeared, and contested the sufficiency of the receiver's application and of the order for the writ. The court, upon the hearing, on the 2d day of April, 1923, entered an order perpetuating the injunction, and from that order this appeal has been duly prosecuted.

From the record herein it appears that the petition of appellants and the contract of the Equitable Company upon which it was founded were before the court, and some question has been made of the sufficiency of the petition to show a valid contract with the Equitable Company, or the existence of an equitable lien upon the property claimed by the receiver, and whether the venue of the suit had been properly laid in Bexar county. We think it apparent, however, that these questions are for the determination of the San Antonio court, and we will therefore not discuss them nor set out the proceedings upon which such contentions are founded. We think our conclusion must rest upon a determination of the conflicting contentions of appellants on the one hand that, under article 2146, Rev. Statutes, and the decision of our Commission of Appeals in the case of Bowles v. Mitchell, 245 S. W. 74, appellants' suit, as declared upon by them, is properly maintainable and determinable in the district court of Bexar county, and of the appellee on the other hand that by the receivership proceedings the district court of Tarrant county acquired exclusive jurisdiction of the property of the Equitable Company, and that hence it, and not the San Antonio court, is entitled to hear and determine all questions affecting said property or its possession in the hands of the receiver.

Article 2146, Rev. Statutes, reads:

"When any property of any kind within the limits of this state has been placed, by order of court, in the hands of a receiver, who has taken charge of such property, such receiver may, in his official capacity, sue or be sued in any court of this state having jurisdiction of the cause of action, without first having obtained leave of the court appointing such receiver to bring said suit; and, if a judgment is recovered against said receiver, it shall be the duty of the court to order said judgment paid out of any funds in the hands of said receiver as such receiver."

[1] This statute was construed by our Commission of Appeals in the case of Bowles v. Mitchell, 245 S. W. 74, as meaning that receivers can be sued in any court of the state where such court would otherwise have jurisdiction of the cause limited only by other permissive and mandatory provisions of the venue statute. It is not contended in behalf of appellee that there is any specific statute regulating the venue of cases or otherwise, by virtue of which the district court of Tarrant county will be authorized to inhibit the institution and maintenance of the suit in San Antonio. It is nevertheless well settled by the authorities that no court can interfere with the custody of the property held by another court through a receiver. See Dillingham v. Russell, 73 Tex. 47, 11 S. W. 139, 3 L. R. A. 634, 15 Am. St. Rep. 753; Wabash Ry. Co. v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379; Farmers' Loan & Trust Co. v. Lake Street Ry. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667; Mudge v. Hughes (Tex. Civ. App.) 212 S. W. 819; Harrison v. Waterbury (Tex. Sup.) 27 S. W. 109; 23 R. C. L. p. 66, § 71; Julian v. Central Trust Co., 193 U. S. 93, 24 Sup. Ct. 399, 48 L. Ed. 629. A quotation from 23 R. C. L., just cited, will present the general view, to wit:

"All the authorities sustain the proposition that, when a court of equity acquires jurisdiction of a cause, and appoints a receiver to take charge of the property involved, then no other court of co-ordinate jurisdiction has any power or authority to interfere or meddle with the property in the hands of the receiver, but must leave the court appointing the receiver untrammeled in its administration of the same, as the law directs, regardless of whether the original appointment was or was not erroneous. This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons, and has no reference to the supremacy of one tribunal over the other, nor to the superiority in rank of the respective claims, in behalf of which the conflicting jurisdictions are invoked."

Appellee's contention is that the statutory permission to sue a receiver in a county other than that in which he was appointed, and in which he resides, only authorizes the establishment of a moneyed demand; and this contention would seem to have support in the cases of Harris v. Waterbury and Mudge v. Hughes, supra. There is no contention in behalf of appellee, and there can be none under the facts, that the actual possession of the receiver in this case over the property in his custody has in any way been disturbed; but it is insisted that the rule indicated in the quotation from Ruling Case Law extends protection as well where suits are brought to enforce liens against specific property and suits of a similar nature where in the progress of the litigation the court in which the receivership is pending may be compelled to assume the possession and control of the property to be affected. This contention, we think, presents the crux or material question in this case. And it is not without at least apparent support in some of the authorities that we have already cited. For instance, in Ruling Case Law, immediately following the quotation therefrom already made, the author further says:

"Nor is the rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it often applies as well where suits are brought to enforce liens against specific property, to mar-

shall assets, administer trusts, or liquidate insolvent estates, and in suits of a similar nature where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected."

As authority for this statement, the author cites the case of Farmers' Loan & Trust Co. v. Lake Street Ry. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667. That was a suit in which there were conflicting claims for a foreclosure of a mortgage, to foreclose which suit had been instituted in a federal court, and it was held that, having so acquired jurisdiction of the cause of action, a state court thereafter was without control over it. The case of Ry. Co. v. Adelbert College, supra, was where the property of a railway company had been sold by a federal court under a foreclosure proceeding, and it was held that a state court was not thereafter empowered to decree a sale of the same property to satisfy the liens of certain equipment bonds in a suit begun before the property was taken into the possession of the federal court. This ruling was made on the ground that, by the suit being in the federal court, it had obtained jurisdiction over the subject-matter, to wit, the property, and that in the order of sale it had reserved to itself such jurisdiction as authorized and required it to protect the purchaser. The case of Mudge v. Hughes, supra, decided by one of our own Courts of Civil Appeals, was one in which appellants sought to compel the receiver of an irrigation plant to furnish them water upon certain terms, etc. It was held that, when the court appointing the receiver took into its custody the property of the company, it took the water flowing into the canals as a part thereof, and that no other court had the right to interfere with its possession, control, and management, and that the relief there sought would be in conflict with the orders of the court that had been given to the receiver for the management of the system.

We have, of course, merely indicated the nature of the cases last cited as we interpret them. Those concerned may, and doubtless will, consult them for a more complete and possibly a more accurate statement of their effect.

[2] We think it will be found, however, that the liberalized rule indicated by the quotation from 23 Ruling Case Law, and by some general expressions to be found in the decisions of the United States courts, and invoked in behalf of appellee, is to be attributed to and so announced in the application of the rule of practice known as comity between courts. Under the operation of this rule to avoid embarrassing conflicts between courts, and as tending to secure uniformity of decision and discourage repeated litigation of the same questions, the court which first acquires jurisdiction of the parties and of the cause of action precludes any other court from the determination of the material issues that may be invoked in the litigation. But the rule of comity, even as applied by the United States courts, has its limitations. To illustrate:

It was said by the United States Supreme Court in the case of Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257:

"But it is not true that a court, having obtained jurisdiction of a subject-matter of a suit, and of parties before it, thereby excludes all other courts from the right to adjudicate upon other matters having a very close connection with those before the first court and, in some instances, requiring the decision of the same questions exactly."

It was said further in the same connection that:

"In examining into the exclusive character of the jurisdiction of such cases, we must have regard to the nature of the remedies, the character of the relief sought, and the identity of the parties in the different suits."

[3] Furthermore, the doctrine has been further limited by the decisions of this state. See, Garza & Co. v. Jesse French Piano & Organ Co., 59 Tex. Civ. App. 590, 126 S. W. 906, and cases there cited; Wilkerson v. Ry. Co. (Tex. Civ. App.) 171 S. W. 1041; Priddy v. Oil Co. (Tex. Civ. App.) 241 S. W. 770. The legislative policy of this state, as indicated by article 2146, Rev. Statutes, hereinbefore quoted, seems to be that there shall be no limitation upon the right of citizens to sue a receiver in any court having jurisdiction of his cause of action except such as is to be found in our legislative acts and in the decisions of our courts. The language of that article is that—

"Such receiver may, in his official capacity, sue or be sued in any court of this state having jurisdiction of the cause of action, without first having obtained leave of the court appointing such receiver to bring said suit."

The only limitation to such right that we have been able to discover is that such other court may not make any order, issue any process, or take any action which will disturb the actual possession, control, and management of the property in the hands of the receiver, or conflict with any order or direction of the court appointing him that relates to its control, management, or disposition. With such limitation, we can see no hardship in applying the rule of the statute. Article 2133, Rev. Statutes, provides that:

"The receiver shall have power, under the control of the court, to bring and defend actions in his own name as receiver, * * *, to receive rents, collect, compound for, compromise demands, make transfers, and generally to do such acts respecting the property as the court may authorize."

And other statutes and decisions relating to the subject provide, in effect, that the enforcement of judgments against the receiver during the pendency of the receivership proceedings must be referred to the court in which such proceedings are pending. For it is in that court that priorities in the payment of claims, the time, manner, and method of the disposition of the property, etc., must be determined, such court being required under the decisions to recognize such claims as may be adjudicated against the receiver in other courts having jurisdiction. As said by our Supreme Court in the case of Dillingham v. Russell, 73 Tex. 50, 11 S. W. 139, 3 L. R. A. 634, 15 Am. St. Rep. 753:

"No court can interfere with the custody of property held by another court through a receiver, but may establish by its judgment a debt against the receivership, which must be recognized even by the court appointing the receiver, and is not open to revision by it if the court rendering the judgment had jurisdiction of the subject matter and the parties. The manner in which a judgment so rendered shall be paid, and the adjustment of equities between all persons having claims on the property and effects in the hands of a receiver made, must necessarily be under the control of the court having custody through its receiver, but this does not affect the jurisdiction of other courts conclusively to establish by judgment the existence and extent of a claim."

[4] It was alleged by appellee, and there was evidence supporting the allegations in this respect, that of the lots in controversy many had been sold on the partial payment plan, and that among the purchasers some were desiring to pay all due from them upon a guaranty of their title to which they were entitled by the terms of their contract, and that the receiver was unable to secure such guaranty because of appellants' suit and assertion of the lien. But we think such difficulties more fanciful than real. What was said by our Supreme Court in the preceding quotation, and more particularly what was said by the Supreme Court of the United States in the cases of Farmers' Loan & Trust Co. v. Lake Street Ry. Co. and Julian v. Central Trust Co., hereinbefore cited, gives ample assurance that the district court of Tarrant county can give all of the protection to the purchasers of the property in the possession of the receiver that the law and circumstances will warrant. In view of the law, of which all persons must take notice, fears of difficulties of the character mentioned must give way to the more important right of the citizen who sues in a court having jurisdiction of his cause of action in the county of his choice, as provided by our statutes.

[5] In this connection, and as illuminating and controlling generally, it may be well to notice a little more particularly the case of Bowles v. Mitchell, supra. A careful reading of the decision of the Bowles Case will disclose that, while, as appellee insists, the land there in controversy was in possession of the plaintiff in that suit, and not in the possession of the receiver, yet the receiver was in possession, as part of the assets of the estate he was administrating through the district court of Tarrant county, of the note and trust deed lien which the plaintiff in the suit was seeking to cancel and set aside in the suit in another county. The relief sought a total destruction of the note—a chose in action—and a lien held by the receiver, and hence as clearly and as certainly affected in an indirect way the property in his hands as does the relief sought by appellants affect the property in the appellee receiver's possession. In principle, we have been unable to distinguish that case from the one before us, and we finally conclude that it must be left to the district court of Bexar county to determine the questions of venue presented by the receiver's plea of privilege, the questions involved in a determination of the existence vel non of the debt and of the lien asserted in this suit, safely trusting, as we think may be done, that that court will take no action in the way of foreclosure or otherwise which will or may result as an interference with the control, management, possession, or disposition of the properties of the Equitable Company by the district court of Tarrant county.

For the reasons indicated, we finally conclude that the judgment below must be reversed and the temporary writ of injunction dissolved and set aside; and it is so ordered.

### On Motion for Rehearing.

Notwithstanding the forceful presentation by the able counsel of appellee to the contrary, the majority, at least, are unable to perceive any sound reason why, if the district court of Bexar county has jurisdiction to determine the issue of indebtedness as presented in that court, as is conceded, that court may not also further determine the incidental and dependent issue of whether there is an equitable lien to secure the payment of the debt. The adjudication of the debt and lien with a foreclosure thereof is one thing, and the execution of that judgment under and by virtue of its process or writs is another thing. We cannot say that the mere adjudication constitutes any tangible or effective obstruction to the jurisdiction of the Tarrant county district court, or interferes with the possession of the receiver.

The motion for rehearing will accordingly be overruled.

BUCK, J. (dissenting in part). Upon original hearing I had doubts of the correctness of the conclusion of the majority that appellants in their suit in the San Antonio court should be permitted to fix and fore-

close their alleged lien, but did not dissent from such majority views at the time. But, upon rehearing, and after more thought upon the matter, I am persuaded that the trial court did not err in enjoining the appellants from attempting to foreclose their alleged lien. As to whether appellants, by reason of their allegations stated in their pleadings, show that they are entitled to a lien under the law, I doubt, but do not express any definite opinion at this time. But I do conclude that to allow them to fix any lien and foreclose it upon any property in the hands of the receiver would be an unwarranted interference with the receiver's right of possession of said property. That appellants can establish their debt, if any, I have no doubt, but do not think they should be permitted to go further.

Owing to the nearness of the end of the term, and by reason of other official duties demanding attention, I cannot go further into a discussion of the law.