## LUBBOCK INDEPENDENT SCHOOL DIST.
### v. LUBBOCK HOTEL CO. et al.
#### No. 11487.

Court of Civil Appeals of Texas. Dallas.
April 22, 1933.

Rehearing Denied June 24, 1933.

Bledsoe, Crenshaw & Dupree and Clyde F. Elkins, all of Lubbock, and Thompson, Knight, Baker & Harris and Pinkney Grissom, all of Dallas, for appellant.

Coke & Coke, Rosser J. Coke, Richard E. Beaton, and Goggans & Keith, all of Dallas, for appellees.

JONES, Chief Justice.

This is an appeal by appellant Lubbock Independent School District from an order of

a district court of Dallas county, overruling a motion to discharge the receiver and vacate the receivership, existing by order of the same district court, in a suit theretofore filed by Walter A. Myrick, Jr., against appellee Lubbock Hotel Company, a domestic corporation. The necessary facts are as follows:

Appellant is an independent school district, existing under the laws of this state for the purpose of operating and controlling the public schools for the city of Lubbock. Appellee is a hotel corporation, and as such owns the building and grounds constituting the Hotel Lubbock, located in the city of Lubbock, Lubbock county, Tex. The hotel is a going business, and, at the time the receiver was appointed, was operated by a corporation known as the Hotel Lubbock Operating Company. Walter A. Myrick, Jr., is a resident citizen of Lubbock, Lubbock county, and the Lubbock Hotel Company has its domicile in Lubbock county.

On May 30, 1932, appellee was indebted for taxes, for contract lien indebtedness, and to unsecured creditors in approximately the sum of $500,000. On said day there existed a valid and outstanding deed of trust lien on appellee's property to secure the payment of a bond issue of $325,000, on which there remained outstanding the sum of $291,500. On said date, W. A. Myrick, Jr., was the owner and holder of nine notes executed by appellee to W. A. Ellwood, as payee, indorsed by the payee to W. A. Myrick, Jr., and secured by a valid deed of trust lien on the properties of appellee, but made a second lien to the former deed of trust lien. These notes in the aggregate amount to $75,000, and, because of default in payment of interest, had been declared due according to their terms providing such an option in favor of their holder. In addition to this contract lien indebtedness, appellee also owed state, county, and municipal taxes, including the taxes due appellant amounting to approximately $9,000, a total in excess of $19,000, on which there exists the tax lien. There were also due to numerous unsecured creditors approximately the sum of $17,000.

Prior to May 30, 1932, Walter A. Myrick, Jr., demanded of appellee payment of his indebtedness, which was denied because of its inability to do so. None of the bond indebtedness had matured on said date, but on June 1, 1932, there would be due on said bond indebtedness the sum of $9,000 as principal, and the additional sum of $6,226.66 as interest, due and payable, and appellee would be unable to pay any of such matured indebtedness. Under the terms of the contract creating and securing this bond indebtedness, the holder of such indebtedness could declare the entire amount due and payable, in the principal sum of $291,500, plus the interest and attorney's fee therein provided, and thereby either by a foreclosure of this first lien, with an order of sale, or a sale by the trustee without the foreclosure suit, under terms provided for in the contract creating and securing this indebtedness, cause a sale of the entire property on a greatly depressed market. Under normal conditions, and as they existed previous to the present general financial depression, the market value of appellee's properties would exceed its entire indebtedness, and, under such normal conditions, the earning power of appellee's property would have been sufficient to pay its indebtedness as it accrued, but, under the present and unanticipated financial conditions, appellee is wholly unable, either from its earnings or from a proper and reasonable use of its credit, or by a sale of its assets, to meet even its bond indebtedness.

The Hotel Lubbock Operating Company was given a long-time lease by appellee to operate its hotel on very favorable terms to appellee. Owing to the unprecedented financial conditions, the operating company has been unable to meet the terms of the lease, and will temporarily remain so. Appellee is therefore deprived of a large source of its income.

Knowing all of the conditions confronting appellee, for he was on its board of directors, Walter A. Myrick, Jr., determined at once to institute suit against appellee for the recovery of the amount of his nine notes, aggregating the principal sum of $75,000, and to foreclose his contract lien against appellee's property, and for some unexplained reason determined to institute this suit in a district court of Dallas county, and so informed appellee's officials. On May 25, 1932, at a meeting of appellee's board of directors, presided over by the president, W. L. Ellwood, the following resolution was adopted by such board of directors: "Whereas, the corporation, although solvent, is unable to pay its obligations and is having financial difficulties; and whereas, a petition for a receiver of this corporation may be filed in the district court at Dallas, Texas; and whereas, the Board is of the opinion that it is for the best interest of said corporation that its affairs be placed in the hands of a receiver until it can have an opportunity to readjust its finances: Now therefore, be it resolved by the Board of Directors of this company that, in the event a suit is filed at Dallas, to place this corporation in the hands of a receiver, that this corporation will enter its appearance and confess the allegations of the said petition for a receiver."

On May 30, 1932, Walter A. Myrick, Jr., instituted suit in the district court of Dallas county against appellee for judgment in a principal sum aggregating $75,000, for interest and attorney's fee, for a foreclosure of the deed of trust lien on all of appellee's prop-

erties, and, as ancillary to such suit, prayed for the immediate appointment of a receiver to take charge of and operate appellee's properties. On the same day, appellee filed its answer in said suit, in which it specifically waived its privilege to be sued in the district court of Lubbock county, agreed that a district court of Dallas county should have jurisdiction over, and venue of, the cause, admitted the truth of all the allegations alleged in Myrick's petition, and consented to the appointment of a receiver. This answer is signed by "Lubbock Hotel Company, by W. A. Myrick, Sr., Vice-president." The said W. A. Myrick, Sr., is the father of plaintiff, Walter A. Myrick, Jr., and is also on the board of directors that authorized the filing of such action.

After a consideration of the petition, the court concluded that the facts alleged therein, and admitted by appellee to be true, required the appointment of a receiver as prayed for, and duly appointed C. C. Triplett, a resident citizen of Lubbock county. On the following day, the receiver qualified by taking the statutory oath and executing the required bond in the sum of $15,000, and since such time has acted as such receiver under orders of the court, and has exercised powers granted him by the court. Within three days after his qualification as receiver, he informed Clyde F. Elkins, an attorney at Lubbock and the then attorney for appellant school board, of his appointment and qualification as such receiver, and exhibited to him copies of the petition of Walter A. Myrick, Jr., the answer of appellee, and of the court's order thereon. On June 13, 1932, appellant instituted suit against appellee 'and against the receiver in the district court of Lubbock county, to recover judgment for delinquent school taxes owed by appellee in the approximate sum of $9,000, and to foreclose its statutory tax lien. This suit was filed by Clyde F. Elkins, as attorney for plaintiff, and is still pending in said district court.

It appears from the judgment entered herein that, on application of the receiver, a temporary injunction from the district court of Dallas county was issued against appellant, enjoining it from the prosecution of the suit in Lubbock county. This judgment was entered October 29, 1932. On January 28, 1933, appellant duly presented its motion to dissolve the temporary writ of injunction, and on the same day duly presented a motion to vacate the receivership. The court granted the motion to dissolve the temporary injunction, and duly entered such a judgment. The court overruled the motion to vacate the receivership, after a hearing of the evidence thereon, and entered judgment accordingly. This appeal is duly prosecuted from the latter order.

Appellant, in his motion to dissolve, contends that (1) the petition on which the receivership was granted is insufficient under the law to warrant or authorize the appointment of a receiver; (2) that the district court of Dallas county is without jurisdiction to enter an order upon the application for a' receiver, because of the provisions of article 2312, R. C. S., vesting exclusive jurisdiction of such cause in the county of the domicile of a corporation; (3) because it is apparent from the allegations of the petition that the principal purpose of seeking a receivership was to prevent appellant and other lien creditors from enforcing the liens against the property of appellee, and the appointment of a receiver herein is, in effect, a judicial declaration of a moratorium to enable appellee, in the course of an uncertain number of years, to perhaps derive enough from its operation to pay its debts; and (4) that the appellant, having and holding a valid lien against appellee's real property located in Lubbock county, is entitled to enforce its lien unhampered by a receiver.

The receivership had operated for approximately eight months prior to appellant's motion to vacate it; during this time the receiver had made necessary improvements on the property, to the value of $2,500, and had also paid insurance premiums on the property to the amount of approximately $2,000. Nearly all of the general creditors had filed their claims against appellee with the receiver. The receiver contends, by appropriate answer to appellant's motion to vacate, that, by reason of the long delay in filing the motion to vacate, by reason of appellant's recognition of the validity of the receiver in instituting the suit in the district court of Lubbock county and making the receiver a party defendant thereto, by reason of the valuable improvement that the receiver had been permitted to make on the property involved, and by reason of the affirmative action of the general creditors in presenting their claims to the receiver rather than the pursuance of the ordinary course of a suit in court, the appellant is estopped now to question the validity of such receivership.

A brief résumé of the material allegations in appellee's petition for a receiver, which were confessed by the defendant corporation, and upon the hearing of this case found by the trial court to be true, is made as follows: (a) That Walter A. Myrick, Jr., is a mortgage creditor of appellee; (b) that the suit instituted by him is an action for his debt and to foreclose his lien on appellee's property; (c) that the conditions of the mortgage had not been performed, and that the $75,000 indebtedness was due; (d) that appellee is a corporation and, at the time of the institution of the suit, was insolvent, or in imminent danger of insolvency; (e) that the value of appellee's property was insufficient,

at the time the suit was filed, to meet the matured outstanding obligations against the property; (f) that the property is insufficient to discharge Myrick's mortgage debt; (g) that appellee's property was in danger of being lost or materially injured; (h) that the mortgaged property was in danger of being lost or injured; (i) that the appointment of the receiver was necessary for the protection of all the creditors, and that Myrick had no adequate remedy at law; (j) that the affairs of the corporation could be more efficiently and economically managed by a receiver.

It is true that the danger to Myrick, of the property being lost and his mortgaged interest therein destroyed, rests on the fact that the first lien indebtedness, amounting to $291,500, would be declared immediately due and the first lien foreclosed; that while the property, under normal conditions, would be worth more than the entire lien indebtedness, under present conditions, its market value is not sufficient to discharge the first lien indebtedness, and the Walter A. Myrick lien thereby would be entirely destroyed.

■ It thus appears that the case, as presented to the trial court, is that of a second lien creditor seeking to save his lien by the appointment of a receiver, in which it is made indisputably to appear to the trial court that the corporation debtor is in default on the conditions of the second mortgage, and also on the second day following will be in default on the conditions of the lien of the first mortgage creditor, and that the first mortgage creditor will declare its entire indebtedness due, foreclose upon and sell the entire property for a sum much less than the amount due on said first mortgage. At the same time, it is made to appear that it is reasonably probable that the property can be so conserved by the appointment of a receiver that all lien holders and all general creditors will ultimately be paid in full. Under such showing, the court appointed the receiver. The question is, Did the trial court abuse its discretion in the action taken?

Article 2293, R. C. S., authorizes the appointment of a receiver "in an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed or materially injured; or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt." The same article also authorizes the appointment of a receiver "in cases where a corporation is insolvent or in imminent danger of insolvency." Another provision of this same article authorizes the appointment of a receiver "in all other cases where receivers have heretofore been appointed by the usages of the court of equity." The allegations of the petition in the instant case clearly show that there are present two

of the statutory conditions on which the court is authorized to appoint the receiver: (1) The condition of the mortgage had not been performed, and the property is probably insufficient to discharge the mortgage debt; (2) measured by conditions as they existed at the time Walter A. Myrick, Jr., instituted his suit, appellee, a corporation, was either insolvent, or in imminent danger of insolvency.

■ The term "insolvency," as used in this statute, means the general inability to meet pecuniary liabilities as they mature, and this case, as presented to the trial court, both on the petition on which the receiver was appointed and the facts developed on the motion to vacate the receivership, shows that not only was appellee unable to meet its pecuniary liabilities as they matured in the ordinary course of its business, but also shows that, by the immediate use of all of its available property, it would be unable to discharge its indebtedness that had matured and that would mature within a very few days. In other words, it clearly appears that, at the time the receiver was appointed, appellee could not continue business, except by the grace of its lien creditors. Even favored by leniency, its entire property would be sold for an amount far less than would be required to satisfy the first lien. There was no abuse of the discretion lodged in the trial court to appoint a receiver on either of the two statutory grounds above discussed, and through means of such agency to administer the property for the benefit of all creditors. Cotulla v. Freehold Land Mortgage Co. (Tex. Civ. App.) 86 S. W. 339; Law v. Lubbock National Bank (Tex. Civ. App.) 11 S.W.(2d) 244; Cotton v. Rand (Tex. Civ. App.) 92 S. W. 266; Temple State Bank v. Mansfield et al. (Tex. Civ. App.) 215 S. W. 154; Lipow v. Pacific Finance Corp. (Tex. Civ. App.) 34 S.W.(2d) 658; Baptist Missionary and Educational Convention v. Knox et al. (Tex. Civ. App.) 23 S. W. 781; Ripy et al. v. Redwater Lbr. Co. et al., 48 Tex. Civ. App. 311, 106 S. W. 474; Hart-Parr Co. v. Nursery Co. (Tex. Civ. App.) 179 S. W. 697; article 2293, R. C. S., subds. 2 and 3.

■ It is contended by appellant that, as appellee is a junior lien holder, it has no right to invoke this statute as against a senior lien holder. To this contention we cannot agree. The statute makes no such restriction as contended for by appellant, and the courts are not authorized to write such restriction into the statute. Pomeroy's Equitable Remedies (2d Ed.) § 101, announces the rule in this respect: "In case the prior mortgagee has not taken possession it is well settled that, on a proper showing, the court may appoint a receiver on behalf of a junior mortgagee, without consent of the prior encumbrancer. The usual grounds for the appointment are, the insolvency of the person

liable for the debt, and the insufficiency of the property to secure the plaintiff's mortgage and those prior to it. * * * "

We are of the opinion that appellant's first ground, which in reality is the urging of a general demurrer to plaintiff's petition, cannot be sustained.

Appellant's second ground, to the effect that, under the provisions of article 2312, R. C. S., the exclusive jurisdiction of this cause is vested in the district court of Lubbock county, the domicile of appellee, cannot be maintained.

█ It is true that article 2312, supra, provides that an action for the appointment of a receiver shall be brought in this state in the county where the principal office of said corporation is located. Since the case of Bonner v. Hearne, 75 Tex. 242, 12 S. W. 38, it has been uniformly held that this statute is merely a venue statute, conferring upon a ' corporation the privilege of pleading to the venue of the suit, if it be brought in a county other than of its domicile, and that the corporation can waive its venue right. In the instant case, appellee saw fit to waive such right and agreed that the suit might be instituted in a district court of Dallas county. Under the record in this case, the venue of the suit in Dallas county cannot be attacked by appellant. This contention is overruled.

█ In its third contention, appellant claims that "It is apparent from the allegations of the petition, the principal purpose of the seeking of such receivership was to prevent this defendant and other lien creditors from enforcing their liens against the property of the Lubbock Hotel Company." It is not entirely true that the appointment of a receiver at the instance of one lien creditor will prevent other lien creditors from enforcing their liens against the property in the hands of a receiver. Appellant, under the terms of article 2310, supra, has legally instituted suit in the district court of Lubbock county against appellee and its receiver to recover its taxes and to foreclose its lien. Appellant, notwithstanding the existing receivership, can prosecute such suit to judgment, both as to its debt and as to the foreclosure of its lien. It cannot, however, enforce such judgment in the manner it could have done had there been no receivership; that is, through a sale of appellee's property in obedience to an order of sale issued by the district court of Lubbock county, but it must certify its judgment to the district court of Dallas county, in which the receivership is pending, to be enforced by that court in the due order of receivership proceedings. Dilworth & Marshall v. Kirby (Tex. Civ. App.) 253 S. W. 860; Id. (Tex. Com. App.) 260 S. W. 152, and authorities therein cited on this question; Eaton et al. v. Whisenant et al.

(Tex. Civ. App.) 50 S.W.(2d) 1109, and authorities therein cited.

█ It is true that, while a receivership prevents the issuance of an order of sale in favor of a lien creditor, who had established his debt and lien by the judgment of a court, and may delay him in the collection of his debt, yet receivership proceedings are not open to the charge that they amount to a judicial moratorium. A moratorium suspends all or certain of legal remedies against debtors, usually through the means of a legislative enactment, and is primarily for the benefit of debtors. A receivership, though it may suspend a remedy for the collection of a debt that otherwise would have been available to a creditor, is primarily for the benefit of creditors and not for the benefit of the debtor. The third ground in the motion to vacate the receivership is overruled.

The fourth ground to vacate the receivership is, in effect, merely a different phrasing of the third ground, and is likewise overruled.

We find it unnecessary to pass upon the contention of the receiver that appellant, by reason of its long delay after it knew of the receivership, and after it had recognized such receivership, by instituting suit in Lubbock county against the receiver, is estopped to challenge the legality of the receivership proceedings. Suffice it to say that such contention apparently has great weight, especially in view of the decision of Lauraine v. First National Bank of Whitney et al. (Tex. Civ. App.) 204 S. W. 1022, and other authorities cited by the receiver.

█ It is strenuously urged by the attorneys for the receiver that appellant could not come into the district court appointing the receiver and move to vacate the receivership without first having secured leave of the court to intervene in the receivership proceedings. However, we are of the opinion that, as the receiver caused a temporary writ of injunction to issue against appellant, it thereby became a party to the suit with the right to file the motion to vacate.

It necessarily follows that, in our opinion, the court did not err in overruling the motion to vacate the receivership.

Affirmed.

### On Motion for Rehearing and to Certify to the Supreme Court.

Appellant has filed a motion for rehearing, and, pending a ruling thereon, a motion to certify the questions involved to the Supreme Court. We have carefully considered the motion for rehearing, and, in the opinion of the majority of this court, such motion should be overruled. Mr. Justice BOND dissents, and has stated his views in a written opinion.

■ Should this court have certified the questions involved before ruling on the motion for rehearing? It must be borne in mind that this is an appeal from an interlocutory order overruling appellant's motion to vacate a receivership and to discharge the receiver. The suit has not been tried on its merits, and hence the issues adjudicated on this appeal have reference only to the interlocutory order appointing a receiver. It must further be borne in mind that the prayer for the immediate appointment of a receiver is only ancillary to the suit to be hereafter tried on its merits. An appeal to this court from an interlocutory order appointing a receiver, or from the granting or overruling of a motion to vacate such receivership, is allowed by statute, provided the transcript is filed in this court within twenty days from the date of the entry of the order, and the decision of this court is final on such interlocutory order. It is obvious that the Legislature deemed it wise for an early and final decision on the status of a temporary receivership. This receiver was appointed on May 30, 1932, 'and approximately thirteen months have elapsed since the receivership became operative. For approximately eight months, appellant, though at once apprised of the receivership, not only seemingly acquiesced in the order of the court decreeing the appointment of a temporary receiver, but also affirmatively recognized the validity of such decree, in that it instituted suit in the district court of Lubbock county against appellee and the receiver to recover the delinquent taxes assessed against appellee, and also to foreclose its statutory tax lien, in less than thirty days after the appointment of the receiver, and such suit is still pending in the district court of Lubbock county. We are of opinion that it is against the spirit, if not the letter, of the law governing such an appeal, for this court to further delay a final decree as to the status of this receivership, by certifying the questions involved to the Supreme Court.

It is insisted by appellant that two questions should be certified, viz.: (1) Do the undisputed facts, as shown by the pertinent allegations in appellee's petition in this case and the evidence on appellant's motion to vacate, state grounds which would warrant the appointment of a receiver? (2) Do the undisputed facts show that the district court of Dallas county had jurisdiction of the subject-matter of this suit, and of the ancillary relief sought through the appointment of a receiver?

The petition upon which the receiver was appointed so clearly alleged the fact that, measured by financial and market conditions as they existed at the time the petition in this suit was filed, and at the time the motion to vacate the receivership was overruled, appellee was either insolvent, or in imminent danger of insolvency (a statutory ground for the appointment of a receiver), that we conclude appellant's contention, in respect to the first issue requested to be certified, must rest solely upon the theory that the statutory grounds for the appointment of a receiver, given in subdivisions 2 and 3 of article 2293, R. C. S. 1925, were intended by the Legislature to apply only to first lien creditors, and to give no such right to second lien creditors. This theory of appellant was overruled in the original opinion in this case, for we are of the opinion that, as no such restriction is placed in the statute, this court cannot write such restriction therein.

At the time the petition was filed and the receiver appointed by the lower court, appellant had taken no affirmative action to enforce its lien, and hence could not be considered as constructively in possession of the property involved in this receivership. It is true that a second mortgage holder cannot deprive a first mortgage holder, or a prior lien creditor, of any substantial contract or statutory right, but the appointment of the receiver herein deprived appellant of no such substantial right. What were appellant's rights previous to the appointment of the receiver? The right to institute suit to establish its debt against appellee, to establish and foreclose its tax lien, and to have issued and executed an order of sale for the payment of such debt. What rights remain to appellant after the appointment of the receiver? The same right to institute suit against appellant (by joining the receiver as a party defendant) to recover its debt; to establish and foreclose its tax lien, and to have this judgment certified to the court appointing the receiver, for enforcement against the property in the possession of the receiver, as a superior claim to that of the second mortgagee.

It is strenuously urged by appellant that, in affirming the judgment of the lower court and thereby holding that, under the facts in this case, as alleged, in the petition and established on the motion to vacate the receivership, there was no error in the judgment of the trial court appointing the receiver, this court is in conflict with a number of decisions of other Courts of Civil Appeals cited by appellant, both in its motion for rehearing and in its motion to certify. We have carefully read and analyzed those decisions, and we fail to see such conflict.

If, at the time of the appointment of the receiver, apellant's status had been that of a litigant who had pending a suit to establish its debt and to foreclose its statutory lien, or if the receiver herein had been appointed on the petition of stockholders of the corporation who were not its creditors, or if appellant had occupied the status of a first lien mortgagee, and had already posted notices under a power of sale in its mortgage

to foreclose its lien by such sale, then these cases would have been authority in the instant case. But the instant suit presents no such case.

■ The second question asked to be certified, as shown in the opinion herein, has been settled against appellant by a long line of decisions. It is now the settled law of this state that a corporation can waive its statutory privilege to require a suit for the appointment of a receiver of its property to be brought in the county of its domicile and consent to and thereby fix the venue of such suit in a county other than that of its domicile. This court is not authorized to certify a question of settled law.

The motion to certify is overruled, and the motion for a rehearing is likewise overruled. From the overruling of the latter motion, Mr. Justice BOND dissents.

BOND, Justice (dissenting).

The petition on which the district court of Dallas county appointed a receiver to take charge of and administer the properties of the Lubbock Hotel Company, a corporation, in the writer's opinion, discloses a preconceived and prearranged plan of the hotel company and its board of directors, in using a friendly junior lien holder in derogation of the rights and privileges of creditors and prior lien holders, to circumvent the statutes fixing jurisdiction of suits for the appointment of receivers for corporations, and to prohibit corporations from applying for receiverships.

Article 2318, R. C. S. 1925, provides that "No receiver of a joint stock or incorporated company, co-partnership or private person shall ever be appointed on the petition of such joint stock or incorporated company, partnership or person"; and article 2312 provides that, "If the property sought to be placed in the hands of a receiver is a corporation whose property lies within this State, or partly within this State, then the action to have a receiver appointed shall be brought in this State in the county where the principal [office] of said corporation is located."

The appointment of a receiver to take charge of properties belonging to another, or in which others have a fixed statutory or contractual right, in the absence of statute, is an equitable procedure, and the powers of equity are properly invoked where it appears that the law does not afford an adequate remedy. "Equity," it is said, "looks through the superficial fictions and acts upon the facts, giving to the latter controlling effect * * * equity looks to the substance and not the shadow, to the spirit and not the letter. * * * It seeks justice rather than technicalities, truth rather than evasion." 17 Tex. Jur. 43.

In the case at bar, the petition discloses that the plaintiff in the court below resides in Lubbock county; that the defendant is a private hotel corporation, incorporated under the laws of Texas, with its principal office and place of business in Lubbock county; that the note sued upon is payable in Lubbock county, and the property on which the liens exist and for which the receiver was sought is located in Lubbock county. There is not one disclosed reason alleged, showing why the petition should have been filed in Dallas county, some 400 miles distant from the residence of all the parties and the location of the properties. Corporations may waive the privilege of having their properties placed in the hands of a receiver (Bonner v. Hearne, 75 Tex. 242, 12 S. W. 38; Ripy v. Redwater Lbr. Co., 48 Tex. Civ. App. 311, 106 S. W. 474, 475; Wills Point Merc. Co. v. Southern R. I. Plow Co., 31 Tex. Civ. App. 94, 71 S. W. 292, 294); yet the purpose and effect of such waiver, where it invades the rights of prior lien creditors, becomes a material inquiry.

The Legislature requiring such proceedings to be brought in the county where the principal office of the corporation is located was not an enactment for the purpose and benefit of the corporation alone. The creditors, as well as the corporation, are interested in the question, whether the properties of the corporation shall be placed under a receivership in a distant court. The creditors have a right to appear and oppose the granting of the receivership, which right may, as was done in this case, be practically denied to them by the ex parte proceeding of filing the suit in a distant court and having the corporation to immediately enter its appearance, waive the venue of the suit, and thus secure the appointment of a receiver. The disclosed acts of the plaintiff, coupled with those of the corporation, are fairly inferable that this suit, instituted in Dallas instead of Lubbock county, was done to serve some purpose of the corporation, and not for the benefit of its creditors, who have a right in the procedure, and where the properties may be administered. Under all of the circumstances, the attempted waiver by the hotel company enters into the prearranged and preagreed plan of the directors and the plaintiff, who was also a director, and is ineffective to vest jurisdiction in the Dallas county court; thus appellant's attack on the jurisdiction of the court, appointing the receiver, should be sustained.

The record reveals that, on May 25, 1932, one W. L. Ellwood, payee and assignor of the note sued on, W. A. Myrick, Sr., and W. A. Myrick, Jr., as directors of the hotel company, passed the resolution declaring the corporation solvent, that on account of its financial difficulties it is for the best interest of the corporation that its affairs be placed in the hands of a receiver, until it can have

an opportunity to readjust its finances, and that, in the event suit is brought in Dallas county to place the corporation in the hands of a receiver, the corporation enter its appearance and agree to the appointment. The resolution was signed by W. A. Myrick, Jr., vice president of the corporation and plaintiff in this suit. On May 30, 1932, five days after the passage of the said resolution, W. A. Myrick, Jr., instituted this suit, and immediately the defendant hotel company, by W. A. Myrick, Sr., waived for the corporation its privilege to be sued in the district court of Lubbock county, confessed judgment, and consented to the appointment, in pursuance of the resolution of the board of directors; thereupon the court immediately appointed C. C. Triplett, son-in-law of Myrick, Sr., and brother-in-law of Myrick, Jr., receiver, to take charge of the corporation's properties.

In Floore v. Morgan (Tex. Civ. App.) 175 S. W. 737, it is held that the prohibition of the statute against a corporation applying for a receivership applies to the directors acting in its behalf. It is apparent that the plaintiff, a director of the corporation, in instituting suit, acted for the benefit of the corporation and at the instance of its board of directors. The petition discloses that the suit has for its purpose to circumvent the statutes which prohibit corporations from applying for receiverships. It is evident from the resolution quoted that the matter of filing a suit had been discussed by the board of directors, and that the suit would be filed in Dallas county, that it was for the best interest of the corporation that its affairs be placed in the hands of a receiver, and to that end the plaintiff instituted suit. It is a suit for the corporation in furtherance of the subjects of its resolution, whatever be the name of the moving party.

Courts of chancery do not countenance shadows of the true and active movants.

Irrespective of the patent circumvention of the statutes, as the writer interprets the record, the petition on which the receivership was granted is wholly insufficient to warrant or authorize the appointment of a receiver for the hotel company and its properties and assets, and is subject to appellant's general demurrer. The petition does not allege that the corporation is insolvent, or is in imminent danger of insolvency, but, on the contrary, alleges that "it has assets far in excess of its liabilities." It affirmatively shows that the purpose of the suit is to hinder and delay its lien creditors in the enforcement of their debts, and to secure for the corporation, through the receivership, a judicial moratorium until the depression is over. It alleges that, "Although defendant's assets are worth far in excess of its liabilities, the Hotel Company will be unable to make payment of interest and sinking

fund on the bonds it owes, and that, unless a court of equity intervenes and appoints a receiver for the properties and assets of the defendant, the said bondholders, or their trustees, will foreclose on said properties of the defendant, and on account of the inability of the defendant at this time to protect the properties at the sale, such properties will be sacrificed and sold at and for an inadequate sum, which will cause great and irreparable loss to the plaintiff, the defendant, the bondholders and the creditors of defendant. * * * The Hotel properties and good will are of the reasonable and fair value of $900,000, and the said properties, if conservatively operated, will be able in partly normal times to pay the outstanding indebtedness that said defendant owes * * * and in order to prevent a sacrifice of such properties, and to prevent a tremendous loss to many persons, firms and corporations during these distressful times, a receiver should be appointed to take charge of, control and possession of, all of the properties, assets, affairs and business of the Hotel Company, and that same be administered under the care and guidance of the court."

It is well-settled law in this state that a corporation is not insolvent when its assets exceed its liabilities, or where the liabilities exceed its assets, so long as it is a going concern, conducting its business in the ordinary way, unless it is guilty of committing some positive act of insolvency. San Antonio Hardware Co. v. Sanger (Tex. Civ. App.) 151 S. W. 1104; Lyons-Thomas Hdwe. Co. v. Perry Stove Mfg. Co., 86 Tex. 143, 24 S. W. 16, 22 L. R. A. 802; State v. Trinity Life, etc., 60 Tex. Civ. App. 161, 127 S. W. 1174; College Park Elec. Belt Line v. Ide, 15 Tex. Civ. App. 273, 40 S. W. 64.

Tested by the rule announced in the cases cited, the petition does not show a condition of the corporation's insolvency, or imminent danger of insolvency; assuming the petition may show that, on account of the depressive condition of the times, the corporation is insolvent, or in imminent danger of insolvency, and thus unable to pay its debts from the proceeds of its operation, such is not sufficient to authorize its properties to be placed in the hands of a receiver. There must be some allegation showing mismanagement or waste on the part of the officers of the corporation, or that the affairs of the corporation could be more efficiently or economically conducted by a receiver than by the officers of the corporation. Sunshine Consolidated Oil Co. v. Prechel (Tex. Civ. App.) 268 S. W. 1051, 1053; Wichita Royalty Co. v. City National Bank (Tex. Civ. App.) 36 S.W.(2d) 1057; Grand Falls Mut. Irr. Co. v. White, 62 Tex. Civ. App. 182, 131 S. W. 233; Galvin v. McConnell, 53 Tex. Civ. App. 486, 117 S. W. 211; Espuela Land & Cattle Co. v. Bindle,

5 Tex. Civ. App. 18, 23 S. W. 819; Continental Trust Co. v. Brown (Tex. Civ. App.) 179 S. W. 939; Ray-Featherstone Oil Co. v. Phoenix Oil Co. (Tex. Civ. App.) 268 S. W. 1032; White Star, Inc., v. English (Tex. Civ. App.) 286 S. W. 255; Floore et al. v. Morgan et al. (Tex. Civ. App.) 175 S. W. 737.

In the case of Sunshine Consolidated Oil Co. v. Prechel, supra, the petition alleged that the corporation was insolvent, but failed to contain any allegation that there was any mismanagement, or that the receiver could manage and operate the property more successfully than the corporation. The court said: "However, it has been well settled by the decisions of this state that insolvency alone is not a sufficient ground for the appointment of a receiver. [Citing authorities.] In other words, in order to justify the appointment of a receiver a showing must be made that, in the absence of such an appointment, some serious injury will result in consequence of the handling of the property by the corporation through its duly constituted agents and representatives. The petition contains no allegation of mismanagement or waste. The mere fact that the business is being run at a loss does not necessarily imply mismanagement. It is a matter of common knowledge that in the vicissitudes of the transaction of a large business it often happens that the operation at a loss, temporarily, under some circumstances, is necessary in order to keep the business going, and to achieve successful results in the end; and the allegation that the business is being run at a loss is a mere conclusion of the pleader, with no allegation of fact to support it. The petition contains no allegation which even suggests that a receiver, appointed by the court and acting under its orders, can manage and operate the property more successfully than can the corporation itself. * * * We have considered both appeals taken in this cause and have reached the conclusion that, as against a general demurrer, the petition failed to present a sufficient showing for the appointment of a receiver."

The decisions of this state settled adversely the question as to the sufficiency of the petition to justify the appointment of a receiver under subdivision 3, art. 2293, providing that a receiver may be appointed "in cases where a corporation is insolvent or in imminent danger of insolvency."

The only other provisions of our statutes which authorize the appointment of a receiver are the further subdivisions of article 2293, providing that a receiver may be appointed "when it appears that the mortgaged property is in danger of being lost, removed or materially injured; or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt," and "in all other cases where receivers have heretofore been appointed by the usages of the court of equity."

In Kottwitz v. Jehn (Tex. Civ. App.) 6 S.W. (2d) 209, it is alleged that the taxes on the property had become delinquent and suit had been filed for taxes, and averred that by foreclosure of the tax liens the property would be lost. The court held that such was not sufficient allegation to imply that the property was in danger of being lost; thus indicating that the term "lost" is not construed to relate to the taking of property under prior liens. In the instant case, it may be conceded that the condition of plaintiff's mortgage has not been performed, however that does not authorize the appointment of a receiver in the absence of allegations of insolvency of the corporation, or the corporate property being insufficient to discharge the mortgage debt. A second lien holder is entitled to a receiver to prevent loss or waste of his security by a mortgagor, but he is not entitled to a receiver merely to delay the prior lien holders in the enforcement of their rights, in the hope or with the expectation that by such delay the security will enhance in value sufficient to enable him to realize on his debt. The Legislature has enacted the method, the time, and the place for municipal corporations, such as the complainant here, to enforce the collection of its taxes, and the hotel company, with the prior contractual lien holders, stated, in writing, their solemn terms of covenant. Thus it is not within the power of courts to stay the legal provisions of legislative enactments, or abridge the right of contract by preventing the enforcement of the statutory and contractual methods of enforcement of their liens. The action of the court, in appointing the receiver at the instance of a second lien holder, with plenary power to administer the property in which the prior creditors have a vested statutory and contractual right to an immediate enforcement of the liens in the manner provided by statute and contract invades the provisions of the Legislature and the contracting parties.

In Houston Ice & Brew. Co. v. Clint (Tex. Civ. App.) 159 S. W. 409, the court held that an action by a junior mortgagee for a receivership, as against a prior mortgage, was not authorized by any subdivision of article 2293, except subdivision 4, and that under such subdivision there must be allegations that the first mortgagee is doing something to impair the value of the security, and is conspiring with the mortgagor to defeat subsequent creditors. The right of the second lien holder for such appointment is based on some overt injurious act of the prior lien holder or the mortgagor, in reference to the security. There is no such contention here.

In the absence of statutes, courts of equity have no jurisdiction to take the management of affairs of a corporation from its officers and commit it to the receiver. "This remedy

is regarded as one of last resort * * * and a receiver will not be appointed to take possession of property and charge of business in the hands of a defendant, unless the plaintiff's right is sufficiently probable, or when it is not probable, that such property will be lost, or will sustain injury during this suit, if the same is left in defendant's hands, or that the business will be mismanaged. * * * In order to justify the appointment of a receiver for the corporation on the application of a creditor, it should appear at least that he has a valid claim against the corporation; that there are assets applicable to its payment, and that he has exhausted his legal remedies." 23 R. C. L. 20. It is a rule in this state that a receiver of a corporation should not be appointed, except on a clear showing that the applicant's rights imperatively demand that there is a grave necessity for the appointment, and that the applicant has no other adequate remedy. People's Investment Co. v. Crawford (Tex. Civ. App.) 45 S. W. 738; Bounds v. Stephenson (Tex. Civ. App.) 187 S. W. 1031.

The petition under consideration declares that the notes sued upon were originally made payable to W. L. Ellwood, and transferred by him to the plaintiff. There is no allegation that Ellwood is insolvent and that he did not indorse the notes, or that the indorsement, if made, was valueless, and it fails to negative that plaintiff is financially able to take up and pay off all prior liens; thus failing to aver facts that his remedy on the indorsement was unavailable, or that he would be injured by loss of the security of the hotel company. Appellee does not bring himself within the equitable provisions of the statute justifying the appointment of a receiver.

Taking the whole situation as it appears in the record, especially when considered in the light of the resolution of the board of directors of the hotel company, the corporation is attempting to accomplish indirectly that which is thus beyond its jurisdiction—to stay the hand of lien holders by a court thus without jurisdiction perforce of the statute, and through a friendly second lien holder to ward off the prior lien creditor's rights to a foreclosure and sale of the mortgaged property in the manner provided by law. In its final analysis, the petition merely shows that the hotel company is in default in the payment of taxes and in the payment of bonds, both of which are prior liens to that of plaintiff, and that he is apprehensive that the prior lien holders will foreclose their liens; that at the present time the market is unpropitious, and, if the property is sold under a foreclosure of the prior liens, it will not bring enough to satisfy such liens and pay the plaintiff his debt. They therefore ask the aid of a court of equity to interpose by a receivership and delay the prior lien holders in the enforce-

ment of their liens until times get better, in the hope that the property may be refinanced and sold for enough to satisfy all lien holders, thus declaring a judicial moratorium against the statutory and contract lienholders for the benefit of the corporation, the junior lien holder and unsecured creditors. This, in the opinion of the writer, cannot be done. As said in Continental Trust Co. v. Brown (Tex. Civ. App.) 179 S. W. 939, 944: "Hard times is not recognized in law as a ground for a receiver, nor had we ever supposed that a receiver was a panacea for the ills of a time of financial stringency. Indeed, if we were so to treat the matter, it would be equivalent to declaring a moratorium by judicial decision—a thing the Legislature of this state expressly declined to do." So also is the holding in Kokernot v. Roos (Tex. Civ. App.) 189 S. W. 505; Commonwealth Bank & Trust Co. v. MacDonell (Tex. Civ. App.) 49 S.W.(2d) 525, and authorities therein cited.

Reviewing the record and the opinion of this court, the writer is convinced that the action of the trial court, in appointing the receiver, was unauthorized and improvidently made, and that appellant's plea of venue of the suit and general demurrer should have been sustained; that the appeal should be reversed and the receivership vacated. So declaring, I register my dissent to the opinion of this court and the majority in overruling appellant's motion for rehearing and its motion to certify to the Supreme Court, for an ultimate decision, the question as to whether the judgment rendered is correct.