**LUBBOCK INDEPENDENT SCHOOL DIST. v. HOTEL LUBBOCK OPERATING CO.**

No. 11486.

Court of Civil Appeals of Texas. Dallas. April 22, 1933.

Rehearing Denied June 24, 1933.

Bledsoe, Crenshaw & Dupree and Clyde F. Elkins, all of Lubbock, and Thompson, Knight, Baker & Harris and Pinkney Grissom, all of Dallas, for appellant.

Coke & Coke, Rosser J. Coke, Richard E. Beaton, and Goggans & Keith, all of Dallas, for appellee.

JONES, Chief Justice.

This is a companion case to the case of Lubbock Independent School District v. Lubbock Hotel Company, 62 S.W.(2d) .274, this day decided by this court, and is ruled by the same principles of law announced in said companion case.

The Lubbock Hotel Company, appellee in the companion suit, is owner of the Hotel Lubbock, an eleven-story modern hotel building, and, on May 4, 1929, leased said building to appellee herein, Hotel Lubbock Operating Company, a corporation. Under the terms of the lease, the owner was to receive, in equal monthly installments, as rentals, $69,000 per annum for the first twelve years of the life of the lease, and $30,000 per annum for the remaining thirteen years of the lease. Appellee was to furnish the hotel throughout at its own expense, and in compliance therewith placed therein furniture and other necessary equipment of the approximate value of $154,000. On May 30, 1930, appellee was indebted to the owner for past-due rent in the approximate sum of $60,000, which it was unable to pay. In addition to said sum, it owed other indebtedness, including taxes for the years 1930 and 1931 and open accounts amounting to approximately $6,000;

On May 30, 1932, at the same time at which the companion case was filed, the Lubbock Hotel Company filed this suit against appellee, seeking to recover the said $60,000 rent indebtedness, and to foreclose its contract and landlord's lien. The petition shows that the value of appellee's property depends to a great extent on whether the hotel remains a going concern, and makes substantially the same allegations in reference to the fact that the hotel company is threatened with foreclosure suit and loss of its property as was made in the companion suit, and also shows that, if such course should be taken, the hotel would be unable to operate and the property on which its lien exists would become of little value. The petition also shows, by appropriate allegations, that the conditions of its contract lien have not been met by appellee, and further, by appropriate allegations, that appellee is insolvent or in imminent danger of insolvency. The petition further alleges that the receiver can operate the hotel with less overhead expense than is being incurred by appellee.

The hotel company, acting under order of its board of directors, waived its right to be sued in Lubbock county, and answered in the instant suit confessing the allegations in the petition. The court appointed the same receiver in the instant suit that was appointed in the companion suit, who qualified as receiver and had been operating the hotel under orders of the court since his qualification.

On January 23, 1933, appellant filed its motion to vacate the receivership and discharge the receiver. This motion, in all of its material aspects, is the same as the motion in the companion case, and such case is here referred to for a statement of the grounds of the motion. The trial court heard the motions to vacate in both cases at the same time, and entered judgment in each, overruling the motion.

The allegations in the petition for the appointment of a receiver shows that two statutory grounds exist for the appointment of such receiver, being the same statutory grounds that were discussed in the companion case. For this reason, we refer to and adopt both the statement and the argument in the opinion in the companion suit as the statement and argument in the opinion in this suit. The court did not err in overruling the motion to vacate, and the judgment of the lower court is accordingly affirmed.

Affirmed.

### On Motion for Rehearing.

PER CURIAM.

Rehearing denied.

BOND, Justice (dissenting).

My interpretation of the record and conclusions reached in the companion case of Lubbock Independent School District v. Lubbock Hotel Company, 62 S.W.(2d) 274, are applicable here; in consequence thereof I respectfully dissent from the opinion of the majority and assert that appellant's motion for rehearing should be sustained, this case reversed, the receivership vacated, and appellant's motion for certification to the Supreme Court for an ultimate decision granted.